UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

```
JOSE GUADALUPE PEREZ-FARIAS,  )      NO. CV-05-3061-MWL
et al.,                       )
                              )      ORDER GRANTING DEFENDANTS'
               Plaintiffs,    )      MOTION FOR A PROTECTIVE ORDER
                              )
       vs.                    )
                              )
GLOBAL HORIZONS, INC.,        )
et al.,                       )
                              )
               Defendants.    )
_____)
```

Before the Court is Defendant Global Horizons Inc.'s ("Global's") motion for a protective order to quash Plaintiffs' notice of deposition for Defendant Mordechai Orian ("Orian") in Yakima, Washington.  (Ct. Rec. 122).

**I.   BACKGROUND**

On June 12, 2006, Plaintiffs issued a notice of deposition for Orian to take place in Yakima, Washington, on July 13, 2006. (Ct. Rec. 123-1, Exh. A).  Global thereafter contacted counsel for Plaintiffs in an attempt to reschedule the deposition for California, where Orian lives and works.[1]  (Ct. Rec. 123-1, p. 2).

_____

[1]Orian does not object to being deposed in California.  (Ct. Rec. 123-1, p. 3).

1

1    Counsel for Plaintiffs refused.  (Ct. Rec. 123-1, pp. 2-3).

2    Plaintiffs' counsel offered to pay half of Orian's expenses for

3    Orian to travel to Washington for his deposition.  (Ct. Rec. 129,

4    p. 2).  Global rejected the offer.  (Ct. Rec. 123-1, Exh. C).

5    Counsel for Defendants Green Acre Farms, Inc., and Valley Fruit

6    Orchards, LLC, agreed to pay half the expense of Orian's coach

7    airfare from Los Angeles to Yakima, Washington, and Plaintiffs are

8    willing to pay the remaining half of this expense.  (Ct. Rec. 129,

9    pp. 2-3).  Global refused these requests and now seeks a

10   protective order quashing the deposition.  (Ct. Rec. 123).

11   **II.  GLOBAL'S MOVING ARGUMENTS**

12       Global contends that this Court should issue a protective

13   order to quash Plaintiffs' notice of deposition of Orian.  (Ct.

14   Rec. 123-1, p. 3).  Global indicates that, in 2005, they had their

15   Washington State Farm Labor Contractor's License revoked and,

16   therefore, they no longer operate in the state of Washington.

17   (Ct. Rec. 123-1, Exh. B, p. 2).  Accordingly, Orian, a full time

18   resident of California and the President of Global, no longer

19   conducts any business in the state of Washington.  (Ct. Rec. 123-

20   1, Exh. B, p. 2).  As a result, Global asserts that it is an

21   unnecessary burden of time and money for Orian's deposition to

22   take place in Washington rather than in California.  (Ct. Rec.

23   123-1, p. 3).

24       Global argues that the general rule is that a corporation and

25   its principals should be deposed at the corporation's place of

26   business, absent special conditions.  *Clairmont v. Genuity, Inc.*,

27   2004 U.S. Dist. LEXIS 20784 (W.D. Wash. 2004) ("In the absence of

28   special circumstances, a party seeking discovery must go where the

2

1  desired witnesses are normally located . . . .  This rule applies
2  even when the deponent is a defendant in the action"); *Cadent Ltd.*
3  *v. 3M Unitek*, 232 F.R.D. 625, 628 (C.D. Cal. 2005) ("The
4  deposition of a corporation by its agents and officers should
5  ordinarily be taken at its principal place of business").
6  Global's principal place of business is in California, and Global
7  contends that Plaintiffs have made no showing of special
8  conditions that would require the deposition of Orian to take
9  place in Washington as opposed to California.  (Ct. Rec. 123-1,
10  pp. 3-4).

11  **III.  PLAINTIFFS' RESPONSE**

12      Plaintiffs argue that it would be more convenient and less
13  expensive for all parties if the deposition was held in Yakima,
14  Washington.  (Ct. Rec. 129, pp. 3-4).  Specifically, Plaintiffs
15  indicate that all of the attorneys in this matter have offices in
16  Washington state, with the exception of counsel for Global, whose
17  office is in Chicago, Illinois; all Plaintiffs reside in Yakima
18  County; and the businesses of Defendants Green Acre Farms and
19  Valley Fruit Orchards are similarly located in Yakima County.
20  (Ct. Rec. 129, p. 3; Ct. Rec. 130).  Plaintiffs additionally note
21  that Orian traveled to Washington state regularly in the course of
22  doing business with Green Acre Farms and Valley Fruit Orchards;
23  Global's website documents that Orian has been present in the
24  Yakima Valley during the pruning season, the thinning season and
25  to present at a local conference; Orian traveled to Washington in
26  April to appear at a press conference and enter into a contract
27  with the United Farm Workers; and Global continues to maintain a
28  ///

1  registered agent in Yakima, Washington.  (Ct. Rec. 129, p. 3; Ct.

2  Rec. 130).  Accordingly, Plaintiffs contend that it will be more

3  convenient, less time consuming, and less expensive for the

4  parties to hold Orian's deposition in Washington.  (Ct. Rec. 129,

5  pp. 5-7).

6      Plaintiffs assert that Global has failed to allege any undue

7  burden or expense associated with having his deposition taken in

8  Washington.  (Ct. Rec. 129, p. 4).  Plaintiffs further assert that

9  they are of limited financial means and are less able to bear the

10 expense of travel than a large corporate defendant like Global.

11 (Ct. Rec. 129, p. 6).  Finally, Plaintiffs indicate that they

12 remain willing to pay half of the coach airfare for Orian to

13 travel from Los Angeles to Yakima and that Defendants Green Acre

14 Farms and Valley Fruit Orchards are willing to share this cost to

15 avoid the expense and inconvenience of traveling to California.

16 (Ct. Rec. 129, p. 8).

17 **IV.  GLOBAL'S REPLY**

18     Global responds that the general rule is that a corporate

19 defendant must be deposed at its principal place of business.

20 (Ct. Rec. 131).  Global asserts that neither Global nor Orian

21 chose to be sued in Washington, they no longer have business

22 there, and their counsel is not located there; accordingly, Orian

23 is entitled to be deposed at Global's place of business in Los

24 Angeles, California.  (*Id.*)

25     Global contends that "when the plaintiff seeks to depose the

26 defendant at a location other than the defendant's place of

27 business and the defendant objects, the plaintiff has the

28 ///

affirmative burden of demonstrating peculiar circumstances which compel the court to order the depositions to be held in an alternate location."  *Marin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005).  Global argues that the deposition notice of Orian should be quashed, and Orian should be deposed in Los Angeles, California.  (Ct. Rec. 131, p. 6).

**V.  DISCUSSION**

**A.  Protective Orders**

For "good cause shown," a court may issue a protective order that "discovery may be had only on specified terms and conditions."  Fed. R. Civ. P. 26(c)(2).  Fed. R. Civ. P. 26(c) is a safeguard to protect parties and witnesses in view of Fed. R. Civ. P. 26(b)'s broad discovery rights.  *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).  Under Fed. R. Civ. P. 26(c), this Court may issue protective orders for persons subject to a subpoena and "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place."

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance. Fed. R. Civ. P. 26(c); *Jepson, Inc. v. Makita Elec. Works, Ltd,* 30 F.3d 854, 858 (7th Cir. 1994).  Generally, a party seeking a protective order has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be ///

denied the right to take a deposition. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." Fed. R. Civ. P. 26(c).

**B.  Place of Deposition**

The deposition of a party (or its officers, employees, etc.) may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order. *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D. N.C. 1988). The general rule is that, while a court may order a defendant to appear at any convenient place, case law indicates that it will be presumed that the defendant will be examined at his residence or place of business or employment. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). In the absence of special circumstances, "a party seeking discovery must go where the desired witnesses are normally located." *Id.*

**C.  Analysis**

Global's corporate offices are located in Los Angeles, California, and Orian currently resides in Malibu, California, thus, under the general rule, the proper place for the deposition of Orian is California. Plaintiffs, however, chose to notice the deposition for Washington, rather than California. Therefore, special circumstances must be presented in order to overcome the general rule and to warrant holding the deposition in the state of Washington.

///

A protective order may be obtained as to the location of the deposition. Fed. R. Civ. P. 26(c). Federal Rule of Civil Procedure 26(c) provides that a court in which the action is pending "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place."

In making its order, the Court considers the convenience of the parties and relative hardships in attending at the location designated. The burden is on the person seeking the protective order to demonstrate good cause. *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001).

Global argues that it is unduly expensive and inconvenient for Orian, Global's President, to travel to Washington to attend a full-day deposition. (Ct. Rec. 131, p. 5). Only "*undue* burden or expense" provides a potential basis for relief from legitimate discovery demands. *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. at 628. "Undue" burden requires parties to show more than expense or difficulty. *Id.* Here, the travel expenses are not an undue expense since Plaintiffs and Defendants Green Acre Farms and Valley Fruit Orchards agree to bear the costs associated with Orian's travel to attend the deposition in Washington. (Ct. Rec. 129, p. 8). Moreover, in light of the potential corporate resources, Global has not shown that the expense of this travel is unreasonable. *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. at 628-629 (Rejecting arguments that airfare of $3,031 to ///

$4,712 per person from Pakistan is undue burden because "no
showing of inability to afford that expenditure due to
impecuniousness").

Nevertheless, Orian, a named defendant, is not before this
Court by choice. As noted by Global, neither Global nor Orian
chose to be sued in Washington, they no longer have business in
Washington, and their counsel is not located in that state. (Ct.
Rec. 131, p. 3). The evidence before the Court is that Orian does
not currently have any contact with or do any business in the
state of Washington, and he currently resides in California.
Global's corporate offices are also located in California, and
Counsel for Global and Orian do not maintain offices in
Washington. In addition, requiring Orian to travel to the state
of Washington to attend a full day deposition will necessitate an
overnight stay and more than a full day away from his office.
(Ct. Rec. 131, p. 5). Furthermore, courts have held that
plaintiffs normally cannot complain if they are required to take
discovery at great distances from the forum. *U.S. v. $160,066.98
from Bank of America*, 202 F.R.D. at 627.

The Court finds that Plaintiffs' inconvenience and expense
associated with deposing witnesses outside of Washington were
foreseeable, are not "undue," and do not necessarily outweigh
Orian's potential burden and inconvenience if required to travel
to Washington. The Court finds that no special circumstances have
been shown to exist in this case in order to depart from the
general rule that a plaintiff may expect to depose the defendant
at the latter's "residence or place of business." *Farquhar*, 116
F.R.D. at 72.

**VI.   CONCLUSION**

     For the foregoing reasons, the Court **GRANTS** Global's motion for a protective order regarding the place of Orian's deposition. (**Ct. Rec. 122**).  The noticed deposition of Orian, scheduled to take place in Yakima, Washington, on July 13, 2006, is **QUASHED**. The deposition of Orian shall be noticed and proceed at a date and time convenient to all parties at Global's principal place of business in Los Angeles, California, or at another location in California as may be agreed upon by the parties.

     The District Court Executive is directed to enter this order and forward copies to counsel for Plaintiffs and Defendants.

     IT IS SO ORDERED.

     DATED this   27th   day of July, 2006.


                              S/ Michael W. Leavitt
                         MICHAEL  W.  LEAVITT
                    UNITED STATES MAGISTRATE JUDGE