UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSE GUADALUPE PEREZ-FARIAS, )
et al., )
                                  )
                Plaintiffs, )   NO. CV-05-3061-MWL
                                  )
        v.                        )   **ORDER RE: CLASS CERTIFICATION**
                                  )
GLOBAL HORIZONS, INC., et al., )
                                  )
                Defendants. )
_____ )

On July 5, 2006, Plaintiffs' motion for class certification came on for hearing with oral argument. Mirta Laura Contreras, Lori A. Jordan Isley, and Richard W. Kuhling appeared on behalf of the Plaintiffs and Howard W. Foster, Eric Ben-Ezra and Ryan M. Edgley appeared for the Defendants.

On October 13, 2005, the parties consented to proceed before a magistrate judge. (Ct. Rec. 27). Plaintiffs filed their motion for class certification on February 3, 2006. (Ct. Rec. 60). Defendants Global Horizons and Platte River Insurance Company filed a response in opposition on May 9, 2006. (Ct. Rec. 99). Plaintiffs filed a reply on May 19, 2006. (Ct. Rec. 108). It is significant to note, as indicated in Plaintiffs' reply brief (Ct. Rec. 108, p. 2), Defendants Green Acre Farms and Valley Fruit Orchards provided no opposition or other response to Plaintiffs' motion for class certification. Local Rule 7.1(h)(5) holds that

ORDER RE: CLASS CERTIFICATION - 1

"[a] failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default."  Accordingly, the undersigned finds that Defendants Green Acre Farms and Valley Fruit Orchards have acquiesced to the entry of an order granting Plaintiffs' motion for class certification.

## I.    CLASS DEFINITIONS

A.    **Plaintiffs' Motion:** Plaintiffs seek to represent one class (**U.S. Resident Workers**) with each named Plaintiff representing three distinct sub-classes (**Denied Work, Green Acre, and Valley Fruit**).  (Ct. Rec. 60).

### PROPOSED CLASS

**U.S Resident Workers**: All workers who were U.S. residents and who sought employment through defendant Global Horizons to work at either Green Acre Farms or Valley Fruit Orchards in 2004, and all U.S. residents who, in the future, seek employment with or obtain employment with Global, Green Acre, or Valley Fruit.

### PROPOSED SUB-CLASSES

**Denied Work (Represented by Plaintiff Betancourt)**: All workers who were U.S. residents and who sought and were denied employment through defendant Global to work at either Green Acre Farms or Valley Fruit Orchards in Washington state in 2004, and all U.S. residents who, in the future, seek employment with or obtain employment with Global, Green Acre, or Valley Fruit.

**Green Acre (Represented by Plaintiff Sanchez)**:  All workers who were U.S. residents and who were employed through defendant Global to work at Green Acre Farms in 2004, and all U.S. residents who, in the future, seek employment with or obtain employment with Global and Green Acre.

**Valley Fruit (Represented by Plaintiff Perez-Farias)**:  All workers who were U.S. residents and who were employed through defendant Global Horizons to work at Valley Fruit in 2004, and all U.S. residents who, in the future, seek employment with or obtain employment with Global or Valley Fruit.

ORDER RE: CLASS CERTIFICATION - 2

**B.   Defendants:** Defendants allege in their response that Plaintiffs' motion for class certification should be denied because Plaintiffs' proposed class definition is vague, imprecise, and largely unintelligible. (Ct. Rec. 99, p. 24).

A class proposed under Rule 23(b)(3) must be sufficiently well defined so that the Court may provide individual notice to all members who can be identified through reasonable effort. *Mendoza v. Zirkle Fruit Co.*, 222 F.R.D. 439, 442 (E.D. Wash. 2004).

Defendants claim that the term "U.S. Resident" is imprecise. Defendants assert that it is unclear which individuals would actually qualify as a "U.S. Resident" because the phrase can have various meanings under different immigration and tax laws. Even if the Court were to utilize the test provided in *LeClerc v. Webb*, 419 F.3d 405, 427 (5th Cir. 2005), its application evidences the difficulty of determining whether workers qualify as "U.S. Residents" and numerous individual inquiries would be necessary to determine whether a worker satisfies the requisite residency durational requirements. (Ct. Rec. 99, p. 26). Defendants argue that Plaintiffs failed to address how they would conduct such inquires.

Defendants also claim that the proposed class is overbroad because the "future employees" included in the class definition are not limited to only workers who sought employment to work at Green Acres or Valley Farm (through Global). (Ct. Rec. 99, p. 27). Defendants argue that the definition is overbroad because it includes any person, migrant worker or otherwise, who applies to ///

ORDER RE: CLASS CERTIFICATION - 3

work at any Global location throughout the world, including
management, in-house counsel, technology personnel, janitors, etc.

Finally, Defendants assert that the time period for the class
is also vague, especially with regard to future workers.
Defendants argue that it is unclear when "the future" is being
measured from.  (Ct. Rec. 99, p. 28).

**C.    Plaintiffs' Reply:** Plaintiffs respond that Plaintiffs'
proposed class and subclasses are clear and precise.  (Ct. Rec.
108, pp. 3-4).  Plaintiffs indicate that each of the class
definitions states that the claims are "presently limited to the
year 2004." (Ct. Rec. 108, p. 3).  Accordingly, the phrase
"future workers" does not include workers in 2005.  Plaintiffs
assert that the class covers all future U.S. Resident workers
employed by Defendants in agriculture in Washington state.  (Ct.
Rec. 108, p. 3).  In their reply brief, Plaintiffs agree with
Defendants that the workers covered by the proposed class should
be only those U.S. Residents "who are employed by Defendant Global
in agricultural work in Washington State." (Ct. Rec. 108, p. 4).

**D.    Analysis:** A class does not have to be defined with
precision at the outset.  7A C. Wright et al., Federal Practice &
Procedure § 1760, at 117 (2d ed. 1986).  The test is whether the
description of the class is "sufficiently definite so that it is
administratively feasible for the court to determine whether a
particular individual is a member." *Id.* at 121.  In this case,
Defendants' response does not preclude the certification of the
class and subclasses proposed by Plaintiffs.

///

///

ORDER RE: CLASS CERTIFICATION - 4

1    While Defendants claim that the term "U.S. Resident" is
2    imprecise (Ct. Rec. 99, p. 24), a class proposed under Rule
3    23(b)(3) must only be sufficiently well defined so that the Court
4    may provide individual notice to all members who can be identified
5    through reasonable effort. *Mendoza*, 222 F.R.D. at 442.  The Court
6    gives weight to Plaintiffs' reply brief and finds that the term
7    "U.S. Residents" is sufficiently precise for the court to
8    determine whether a particular individual is a member. (Ct. Rec.
9    108, p. 4).  It is apparent that the workers covered by the
10   proposed class include those workers who live in the United States
11   and were employed by Global Horizons.  Furthermore, as asserted at
12   the hearing on the motion, as well as in Plaintiff's reply brief,
13   the class should be limited to only farm workers living in the
14   United States (with the exception of guest workers) who applied,[1]
15   or who may apply in the future, at Global Horizons for
16   agricultural employment in Washington State at Green Acres or
17   Valley Farm.  The Court finds that "application," as opposed to
18   using the terms employees who "sought" or who may "seek"
19   employment, is necessary in order to more easily identify and
20   define the class.  The class and subclasses shall therefore be
21   limited and defined in this fashion.
22   **II.  MATCHING SOCIAL SECURITY NUMBERS**
23   **A.    Defendants:** Defendants allege in their response that,
24   to the extent that a class is certified, it should be limited to
25   individuals with only matching social security numbers.  (Ct. Rec.

---

27   [1]For purposes of membership in the class, "application" at
     Global Horizons for agricultural employment must be supported by
28   documentation or other record in order to verify that he or she
     applied for employment at Global Horizons for work at Green Acres
     or Valley Farm.

ORDER RE: CLASS CERTIFICATION - 5

99, pp. 28-30).  Global believes individuals with non-matching social security numbers (264 potential class members provided non-matching social security numbers) are illegal aliens who are not authorized to work in this country.  Applicants were terminated by Global if they were not able to correct this "mismatch" within 30 days.  (Ct. Rec. 99, p. 28).

Employees who are discharged because they are illegal aliens do not have a claim for discrimination under federal or state law. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (an employer's decision to terminate an undocumented worker is a defense to Title VII claims if the employer can show the firing was based on illegal status); *Anderson v. Conboy*, 156 F.3d 167, 180 (2d Cir. 1998) ("If an employer refuses to hire a person because that person is in the country illegally, that employer is discriminating on the basis not of alienage but of noncompliance with federal law").  Defendants thus contend that 264 putative class members do not have valid claims against Global and cannot assert the same theories of liability as the rest of the putative class.  Defendants therefore assert that the class should be limited strictly to those individuals who have matching social security numbers.

**B.   Plaintiffs' Reply:** Plaintiffs respond that all workers are entitled to pursue all claims regardless of their immigration status.  (Ct. Rec. 108, pp. 4-6).  As noted by Plaintiffs, this Court previously ruled that the immigration status of Plaintiffs was not relevant to class certification issues.  (Ct. Rec. 50, pp. 11-12).  There is no basis to limit or exclude class members based on immigration status because all workers have the right to pursue

1   claims for violations of the laws alleged in this case. (Ct. Rec.
2   108, pp. 5-6). Plaintiffs assert that; moreover, the fact that
3   Defendants contend that certain class members have non-matching
4   social security numbers does not establish that class members are
5   undocumented workers or provide any other reason for limiting the
6   class. Plaintiffs contend that a non-matching social security
7   number does not make any statement about an employee's immigration
8   status, nor is it a basis for taking any adverse action against
9   the employee. (Ct. Rec. 108, p. 6).
10      **C.   Analysis:** The Court agrees with Plaintiffs that the
11  fact that Defendants contend that certain class members have non-
12  matching social security numbers does not establish that class
13  members are undocumented workers or provide any other reason for
14  limiting the class. *See*, Social Security Administration, *Employer*
15  *Reporting Instructions & Information*, (December 7, 2005),
16  http://www.ssa.gov/employer/ssnvrestrict.htm ("A mismatch [of
17  social security numbers] does not make any statement about an
18  employee's immigration status and is not a basis, in and of
19  itself, for taking any adverse action against an employee. Doing
20  so could subject you to anti-discrimination or labor law
21  sanctions.") The Court finds that, at this stage in the
22  litigation, the immigration status of individual plaintiffs is not
23  relevant and certainly does not provide a basis to limit or
24  exclude class members. Accordingly, the undersigned declines to
25  limit the definition of the class strictly to those individuals
26  who have matching social security numbers.
27  ///
28  ///

ORDER RE: CLASS CERTIFICATION - 7

**III. RULE 23(a) PREREQUISITES:**

Class actions are authorized by Fed. R. Civ. P. 23. All class actions under Rule 23 must meet four prerequisites of Fed. R. Civ. P. 23(a), Numerosity, Commonality, Typicality, and Adequacy of Representation, and at least one of the requirements of Fed. R. Civ. P. 23(b). *Blake v. Arnett*, 663 F.2d 906, 912 (9th Cir. 1981).

The burden on the motion for class certification is on the party seeking to maintain the class action. In this case, Plaintiffs must establish a prima facie showing of each of the elements of Rule 23(a) prerequisites and the appropriate 23(b) ground for a class action. *Taylor v. Safeway stores, Inc.* 524 F.2d 263, 270 (10th Cir. 1975). Plaintiffs need only present sufficient proof to allow the court to come to a "reasonable judgment" on each requirement. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

**A.  Numerosity**:  The class must be so numerous that joinder of all members individually is "impracticable."  Fed. R. Civ. P. 23(a)(1). No specific numerical threshold is required; each case must be examined. *General Tel.C. v. E.E.O.C.*, 446 U.S. 318, 330 (1980). Generally, 40 or more members will satisfy the numerosity requirement. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2nd Cir. 1995).

**1.  U.S Resident Workers (CLASS)**: Plaintiffs allege in their amended complaint that approximately 600 U.S. workers were denied work or employed by Defendants in 2004. (Ct. Rec. 77, p. 7). Although undetermined at this time, Plaintiffs assert that ///

ORDER RE: CLASS CERTIFICATION - 8

1  future workers who will seek employment or be employed by

2  Defendants will likely be in the thousands.  (Ct. Rec. 60, p. 6).

3       **2.  Denied Work (Sub-Class)**:  Plaintiffs allege in their

4  amended complaint that approximately 300 U.S. workers are in their

5  Denied Work subclass.  (Ct. Rec. 77, pp. 9-10).

6       **3.  Green Acre (Sub-Class)**:  Plaintiffs allege in their

7  amended complaint that approximately 150 U.S. workers are in their

8  Green Acre subclass.  (Ct. Rec. 77, p. 11).

9       **4.  Valley Fruit (Sub-Class)**:  Plaintiffs allege in

10 their amended complaint that approximately 150 U.S. workers are in

11 their Valley Fruit subclass.  (Ct. Rec. 77, p. 14).

12    Defendant Global **did not** specifically challenge Plaintiffs'

13 motion for class certification on the ground of numerosity (Fed.

14 R. Civ. P. 23(a)(1)).  (Ct. Rec. 99).

15    **B.    Commonality**:  There must be questions of law or fact

16 common to the class.  Fed. R. Civ. P. 23(a)(2).  Commonality

17 exists "where the question of law linking the class members is

18 substantially related to the resolution of the litigation even

19 though the individuals are not identically situated."  *Jordan v.*

20 *County of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir. 1982).  A

21 "common nucleus of operative facts" is usually enough to satisfy

22 the commonality requirement.  *Rosario v. Livaditis*, 963 F.2d 1013,

23 1017-18 (7th Cir. 1992).

24    **1.  U.S Resident Workers (CLASS)**:  Plaintiffs seeks

25 claims under the Migrant and Seasonal Agricultural Worker

26 Protection Act ("AWPA") and the Farm Labor Contractor's Act

27 ("FLCA").  Plaintiffs' amended complaint sets forth the following

28 questions of law and fact common to members of the proposed class:

ORDER RE: CLASS CERTIFICATION - 9

whether Defendants provided false and misleading information about the job offers, whether Defendant Global was an unlicensed labor contractor, whether Defendants Green Acre and Valley Fruit knowingly used the services of Defendant Global, an unlicensed contractor, and whether Defendant Global failed to provide adequate disclosure of the terms and conditions of employment. (Ct. Rec. 77, pp. 8-9). Based on Plaintiffs' assertions at argument on the underlying motion, the Court understands that Plaintiffs contend that Defendants provided false and misleading "written" information about job offers.

**2. Denied Work (Sub-Class)**: Plaintiffs' amended complaint sets forth the following questions of law and fact common to members of the proposed subclass: whether Defendants violated the working arrangement and whether Defendants discriminated against Plaintiffs on the basis of race or national origin. (Ct. Rec. 77, p. 10).

**3. Green Acre (Sub-Class)**: Plaintiffs' amended complaint sets forth the following questions of law and fact common to members of the proposed subclass: whether Defendants failed to comply with the terms and conditions of employment or violated the working arrangement, whether Defendants made unlawful deductions and provided inaccurate pay stubs, and whether Defendants discriminated against the subclass on the basis of race or national origin. (Ct. Rec. 77, pp. 12-13).

**4. Valley Fruit (Sub-Class)**: Plaintiffs' amended complaint sets forth the following questions of law and fact common to members of the proposed subclass: whether Defendants failed to comply with the terms and conditions of employment or

ORDER RE: CLASS CERTIFICATION - 10

1  violated the working arrangement, whether Defendants made unlawful

2  deductions and provided inaccurate pay stubs, and whether

3  Defendants discriminated against the subclass on the basis of race

4  or national origin.  (Ct. Rec. 77, pp. 14-16).

5      Defendant Global **did not** specifically challenge Plaintiffs'

6  motion for class certification on the ground of commonality (Fed.

7  R. Civ. P. 23(a)(2)).  (Ct. Rec. 99).

8      **C.   Typicality**:  The claims or defenses of the class

9  representative must be typical of the claims or defenses of the

10 class.  Fed. R. Civ. P. 23(a)(3).  The fact that damage claims

11 will vary among workers, however, does not defeat typicality.

12 Typicality may exist even though "there is a disparity in the

13 damages claimed by the representative parties and the other

14 members of the class."  7A Charles A. Wright, et al., Federal

15 Practice and Procedure § 1764, at 235-236, 241 (1986).  The test

16 of typicality is whether (1) other members have the same or

17 similar injury; (2) the action is based on conduct which is not

18 unique to the named plaintiffs; and (3) other class members have

19 been injured by the same course of conduct.  *Hanon v. Dataproducts*

20 *Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  The named Plaintiff

21 must be a member of the class.  *Bailey v. Patterson,* 362 U.S. 31.

22 32 -33, 82 S.Ct. 549 (1962).

23     **1.  U.S Resident Workers (CLASS)**: Plaintiffs assert that

24 all Plaintiffs and putative class members in this action have an

25 interest in ensuring that Defendant Global obtains a license

26 before it does business in the state of Washington and complies

27 with farm labor contracting laws.  (Ct. Rec. 60, pp. 10-11).

28 ///

ORDER RE: CLASS CERTIFICATION - 11

**2. Denied Work (Sub-Class)**: Plaintiffs assert that Plaintiff Betancourt's facts mirror those of the Denied Work subclass: he was hired by Defendant Global after a telephone interview, was told by Defendant Global he would receive a return call with a starting date, and Defendant Global failed to contact him thereafter. (Ct. Rec. 77, pp. 26-27).

**3. Green Acre (Sub-Class)**: Plaintiffs allege that Plaintiff Sanchez shares a common interest with those of other U.S. workers who were employed at Green Acre. Plaintiffs allege that Sanchez, and a crew of 20 to 30 workers, were illegally fired by Defendants on the basis of race or national origin. (Ct. Rec. 77, pp. 28-31).

**4. Valley Fruit (Sub-Class)**: Plaintiffs assert that Plaintiff Perez shares a common interest with others in the Valley Fruit subclass as Perez, and approximately 32 to 33 other farm workings in his crew, were illegally discharged by Defendants on the basis of race or national origin. (Ct. Rec. 77, pp. 31-34).

Defendant Global **did not** specifically challenge Plaintiffs' motion for class certification on the ground of typicality (Fed. R. Civ. P. 23(a)(3)). (Ct. Rec. 99).

**D. Adequacy of Representation**: The person representing the class must be able "fairly and adequately to protect the interests" of all members in the class. Fed. R. Civ. P. 23(a)(4). The representation is "adequate" if the attorney representing the class is qualified and competent and the class representatives are not disqualified by interests antagonistic to the remainder of the class. *Lerwill v. Inflight Motion Pictures, Inc.* 582 F.2d 597, 512 (9th Cir. 1978).

ORDER RE: CLASS CERTIFICATION - 12

**1.  Plaintiffs:**  Plaintiff state that there is no evidence that this litigation is collusive or that the interests of the class representatives are not aligned with those of the proposed class and the three subclasses.  (Ct. Rec. 60, p. 13). Plaintiff assert that the class representatives and counsel are prepared to vigorously represent the class in this case.  (Ct. Rec. 60, p. 14).

**2.  Defendants:**  Defendant Global argues that none of the three class representatives are adequate in this case.  (Ct. Rec. 108, pp. 9-15).  Although Defendants specifically challenge only adequacy of representation and not the other three prerequisites of Fed. R. Civ. P. 23(a) (numerosity, commonality, and typicality), Defendants' arguments pertaining to adequacy of representation, as discussed below, raise similar issues.

**a.  Valley Fruit (Sub-Class)**:  Defendants asserts that Perez-Farias is not an adequate class representative because he does not share the subclass' discrimination claim.  (Ct. Rec. 99, p. 9).  Defendants provide an excerpt of Perez-Farias' deposition testimony which allegedly shows that he did not believe that he, or any of the Valley Fruit workers, were fired because they were Hispanic.  (Ct. Rec. 99, p. 10).  Defendants argue that Perez-Farias is not an adequate representative of this subclass because he admitted that he was not discriminated against and therefore has no claim against Global for discrimination.  Global also indicates that they would call Perez-Farias as an adverse witness at trial to establish there was no discrimination - - thus his interests would be adverse to those of the subclass.  (Ct. Rec. 99, p. 10).

1    Defendants also argue that Plaintiffs' motion for class

2  certification failed to address (even in a cursory fashion) how

3  Perez-Farias is an adequate representative for the claims under

4  the AWPA and FLCA.

5    Plaintiffs reply that Perez-Farias can fairly and adequately

6  protect the interests of the Valley Fruit Subclass.  (Ct. Rec.

7  108, pp. 10-14).  Plaintiffs point to additional deposition

8  testimony of Perez-Farias, as well as a public statement made by

9  Perez-Farias, to support their claim that he is an adequate class

10  representative in regard to the discrimination claims raised by

11  the Valley Fruit subclass.

12    Plaintiffs additionally argue that Global attempts to take

13  advantage of Perez-Farias' lack of sophistication and knowledge.

14  Plaintiffs allege that Perez-Farias has the requisite basic

15  knowledge of the claims to affectively represent the subclass.

16  (Ct. Rec. 108, p. 14).

17    **b.  Denied Work (Sub-Class)**: Defendant Global argues

18  that Betancourt is not even a member of the subclass he seeks to

19  represent, because he failed to show up for work.  (Ct. Rec. 99,

20  p. 11).  Global contends that their records indicate that it

21  attempted to contact Betancourt by phone on three occasions but

22  Betancourt never answered the call and, even though Betancourt was

23  aware of the start date and the location of the Green Acres Farm,

24  Betancourt failed to show up for work.  (Ct. Rec. 99, p. 12).

25  Defendants allege that, because Plaintiffs are without an adequate

26  representative who was "denied employment," class certification

27  cannot be granted with respect to this subclass.

28  ///

ORDER RE: CLASS CERTIFICATION - 14

1    Plaintiffs argue that the court does not have "authority to

2   conduct a preliminary inquiry into the merits of a suit in order

3   to determine whether it may be maintained as a class action."

4   *Dukes v. Wal-Mart*, 222 F.R.D. 137, 144 (N.D. Cal. 2004).   In

5   resolving a motion for class certification, a court must accept

6   the substantive allegations of the complaint as true.  *Blackie v.*

7   *Barrack*, 524 F.2d 891, 901, n. 17 (9th Cir. 1975).

8    Plaintiffs assert that Global raises purely factual issues in

9   direct contradiction with the allegations regarding Betancourt's

10  hiring as set forth in the Complaint.  (Ct. Rec. 108, pp. 9-10).

11  Plaintiffs argue that they have alleged sufficient facts to

12  demonstrate that Betancourt is an adequate class representative

13  for the Denied Work subclass.

14       **c.  Green Acre (Sub-Class)**: Defendants argue that

15  Sanchez is seeking to represent a subclass of workers from Green

16  Acres with common AWPA and FLCA claims; however, he was actually

17  provided with more work that he was guaranteed.  (Ct. Rec. 99, pp.

18  13-14).  Because Global's records indicate that Sanchez worked

19  1,208.75 hours, Sanchez cannot claim that Global failed to comply

20  with the terms of employment which allegedly guaranteed Sanchez at

21  least 1200 hours, or 3/4 of the 1600 hours provided in the work

22  contract for the period at issue.  (Ct. Rec. 99, pp. 13-14).

23       Plaintiffs contend that Sanchez was hired by Global to work

24  at Green Acre and promised work from February 2, 2004 until

25  November 5, 2004.  (Ct. Rec. 108, p. 14).  Regardless of the

26  number of hours worked, Plaintiffs allege he was wrongly

27  terminated from his work in August of 2004, replaced by H-2A

28  workers from Thailand.  Plaintiffs argue that workers are entitled

ORDER RE: CLASS CERTIFICATION - 15

1    to seek AWPA damages for the full amount of work promised under
2    the terms of the job order and the 3/4 guarantee does not absolve
3    an employer of liability for wrongful termination, discriminatory
4    practices and other violations of the law.  (Ct. Rec. 108, pp. 15-
5    16).  Plaintiffs claim that Sanchez is an adequate class
6    representative of the Green Acres subclass.

7        **3.  Analysis:** Representation is deemed adequate if the
8    named plaintiffs and their attorneys do not have conflicts with
9    absent members and they will prosecute this action vigorously on
10   behalf of the entire class.  *Hanlon v. Chrysler Corp.*, 150 F.3d
11   1011, 1020 (9th Cir. 1998).  While Defendant has alleged factual
12   disputes (*see supra*), in resolving a motion for class
13   certification, a court must accept the substantive allegations of
14   the complaint as true.  *Blackie*, 524 F.2d at 901, n. 17.  Taking
15   the allegations of the complaint as true (*Blackie*, 524 F.2d at
16   901, n. 17), the Court finds that the class representatives and
17   counsel are adequate to represent the class in this case.  *See*,
18   Fed. R. Civ. P. 23(a)(4).  Furthermore, Defendant Global has not
19   established a conflict between the named plaintiffs and any absent
20   members of the class.  Based on the record before the Court, the
21   undersigned finds that the named representatives are able to
22   "fairly and adequately" protect the interests of all members in
23   the class.  Fed. R. Civ. P. 23(a)(4).

24       **E.   Conclusion RE: Rule 23(a):** Based on the foregoing
25   analysis, the undersigned concludes that the prerequisites of Rule
26   23(a) are satisfied in this case.
27   ///
28   ///

ORDER RE: CLASS CERTIFICATION - 16

**IV.   RULE 23(b)**

    **A.   Rule 23(b)(2): Equitable Relief**

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and at least one of the three requirements of Fed. R. Civ. P. 23(b) are met. After Plaintiffs satisfy the four initial prerequisites imposed by Rule 23(a), the focus shifts to Rule 23(b). In this case, Plaintiffs primarily allege that the matter should be certified as a class under Rule 23(b)(2) and secondarily under Rule 23(b)(3).

    **1. Plaintiffs:** Plaintiffs first, and primarily, argue that each of the classes should be certified pursuant to Fed. R. Civ. P. 23(b)(2). (Ct. Rec. 60, p. 14). Fed. R. Civ. P. 23(b)(2) holds that an action may be maintained as a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Plaintiffs seek relief to stop illegal race and national origin discrimination in Defendants employment practices. (Ct. Rec. 77, p. 43). They also seek injunctive relief pursuant to AWPA and FLCA. (Ct. Rec. 77, pp. 2-3). Plaintiffs indicate that the Court should certify this class so that all future U.S. workers who seek or obtain employment with Defendants can be assured that Defendants will comply with written disclosure requirements and will not provide false and misleading information. (Ct. Rec. 60, p. 15).

///

///

ORDER RE: CLASS CERTIFICATION - 17

1      **2.  Defendants:** Defendants argue that, since Global had

2  its Washington State Farm Labor Contractor's License revoked in

3  2005, it can no longer operate its business in Washington state

4  and, thus, there is no threat of re-injury to any of the named

5  Plaintiffs or to future employees.  Therefore, Global alleges that

6  Plaintiffs' claims for injunctions are moot and certification

7  under Rule 23(b)(2) is not appropriate.  (Ct. Rec. 99, pp. 5-7).

8      Additionally, Defendants assert that certification under Rule

9  23(b)(2) is improper because Plaintiffs are primarily seeking

10 monetary damages.  (Ct. Rec. 99, p. 7).  Certification under Rule

11 23(b)(2) is not appropriate where the relief requested appears to

12 relate "exclusively or predominately to money damages."  *Nelsen v.*

13 *King County*, 895 F.2d 1248, 1255 (9th Cir. 1990).  Certification

14 under Rule 23(b)(2) is proper only if "injunctive relief appeared

15 to be the primary goal in the litigation."  *Molski v. Gleich*, 318

16 F.3d 937, 950 (9th Cir. 2003).

17     Defendants contend that money damages is the primary form of

18 relief sought because Plaintiffs admit that they are only seeking

19 injunctive relief for a portion of the putative class members.

20 (Ct. Rec. 108, p. 7).  Pursuant to Plaintiff's complaint, the

21 injunctive and declaratory relief sought under Rule 23(b)(2) does

22 not apply to any current or former workers (only future workers

23 for each subclass) therefore it does not apply to the entire

24 class.

25     **3.  Plaintiffs' Reply:** Plaintiffs respond that their

26 injunctive claims are not moot.  (Ct. Rec. 108, p. 7).  "'[A]

27 defendant's voluntary cessation of a challenged practice does not

28 deprive a federal court of its power to determine the legality of

the practice' unless it is '*absolutely clear* that the allegedly wrongful behavior *could not reasonably be expected to recur*.'" *Parents Involved in Community Schools v. Seattle School District*, 377 F.3d 949, 959 (9th Cir. 2002) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001) (emphasis added).

Plaintiffs claim that, although Global has been forced to stop conducting business in Washington state, the heavy burden of proof remains the same. Furthermore, Global is actively appealing the loss of its Washington license, Global is actively lobbying Governor Christine Gregoire to reinstate the license, and Washington state law allows Global the right to reapply for a license three years after it has been revoked. Therefore, Plaintiffs allege that it is not "absolutely clear" that Global's illegal behavior will never recur in the future and, thus, their claims are not moot. (Ct. Rec. 108, pp. 8-9).

Plaintiffs additionally respond that certification under Rule 23(b)(2) is appropriate in class actions seeking monetary damages as long as such damages are not the predominant relief sought, but are secondary to claims for declaratory or injunctive relief. (Ct. Rec. 108, p. 19). Plaintiffs argue that the court may consider whether Plaintiffs' would bring the suit to obtain the declaratory and injunctive relief even in the absence of damages, *Molski*, 318 F.3d at 950, n. 15, and assert that they would have brought suit to obtain injunctive relief even if they could not obtain monetary recovery. (Ct. Rec. 108, pp. 24-25).

///

///

Plaintiffs contend that the claims for declaratory or injunctive relief are the predominant relief sought in order to ensure that U.S. resident workers will be able to obtain work and will not suffer from Defendants' unlawful and discriminatory practices in the future and to ensure Defendants' future compliance with the law.  (Ct. Rec. 108, p. 20).

**4.  Analysis:** With regard to Defendant Global's assertion that Plaintiffs' requested equitable relief is moot, the undersigned finds to the contrary.  As noted by Plaintiffs, unless it is "*absolutely clear* that the allegedly wrongful behavior *could not reasonably be expected to recur*," a federal court may determine the legality of the challenged practice.  *Buckhannon Bd. & Care Home*, 532 U.S. at 609 (emphasis added).  Since Global is actively appealing the loss of its Washington license, Global is actively lobbying Governor Christine Gregoire to reinstate the license, and Washington state law allows Global the right to reapply for a license three years after it has been revoked, it is not "absolutely clear" that Global's alleged illegal behavior will never recur in the future.  Therefore, the Court finds that Plaintiffs' equitable claims are not moot.

A class may be certified under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  Plaintiffs' amended complaint alleges that Defendants acted on grounds generally applicable to the class, thereby making the injunctive and declaratory relief ///

sought appropriate with respect to the class as a whole.
Plaintiffs seek declaratory and injunctive relief for all class
members and money damages only for class members who sought
employment or who were employed with Defendants in 2004.  (Ct.
Rec. 108, p. 17 n. 2).  Plaintiffs do not seek money damages for
future workers. (*Id.*)  Accordingly, the undersigned finds that
Plaintiffs' claims for declaratory or injunctive relief are the
predominant relief sought, and certification under Rule 23(b)(2)
is appropriate.

**B.    Rule 23(b)(3): Common questions Predominate**

Although the Court's analysis above indicates that
certification in this case is proper under Rule 23(b)(2), the
Court shall additionally review Plaintiffs' claim for
certification under Rule 23(b)(3).

Fed. R. Civ. P. 23(b)(3) permits a class action if common
questions of law or fact predominate over individuals' questions:

> . . . the questions of law or fact common to the members of
> the class predominate over any questions affecting only
> individual members, and that a class action is superior to
> other available methods for the fair and efficient
> adjudication of the controversy.  The matters pertinent to
> the findings include: (A) the interest of members of the
> class in individually controlling the prosecution or defense
> of separate actions; (B) the extent and nature of any
> litigation concerning the controversy already commenced by or
> against members of the class; (C) the desirability or
> undesirability of concentrating the litigation of the claims
> in the particular forum; (D) the difficulties likely to be
> encountered in the management of a class action.

Therefore, to bring an action under Rule 23(b)(3), first,
common questions of law or fact must predominate over the
individual issues presented in the dispute.  Next, it must be
shown that class treatment is a superior form of relief,
considering the four criteria listed in Rule 23(b)(3).

**1.  Plaintiffs:**

**a.  U.S. Resident Workers Class**: Common issues include unlawful recruitment practices and the failure to comply with state licensing requirements.  (Ct. Rec. 77, pp. 8-9).  In addition, the AWPA and FLCA claims are common for all members of the potential class.

**b.  Three Proposed Subclasses**: Common issues for each of the proposed three subclasses include the AWPA and FLCA claims and the race and national origin claims.

With respect to whether class treatment is a superior form of relief, Plaintiffs argue as follows:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions:  it is hard to imagine that any of the unnamed members of the class or subclasses have a strong interest in initiating and independently controlling their own actions.  It is highly unlikely that farm worker plaintiffs, with their lack of English, limited understanding of the legal system, and generally indigent status, would pursue this litigation if class certification were not allowed.  (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class and (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum:  there is presently no other litigation regarding this controversy commenced by members of the class and it is in all the parties' interests to concentrate the litigation in this Court.  (D) the difficulties

///

///

ORDER RE: CLASS CERTIFICATION - 22

1  likely to be encountered in the management of a class action:

2  there does not appear to be any extraordinary difficulties in

3  managing this particular case as a class action.

4         **2. Defendants:** Defendants assert that the numerous

5  statutory claims and myriad damage theories that Plaintiffs allege

6  create individual issues that predominate this case and render it

7  unsuitable for class-wide adjudication under Rule 23(b)(3). (Ct.

8  Rec. 99, p. 15). They argue that certification under Rule

9  23(b)(3) is not proper because numerous individual issues

10 predominate over common issues as evidenced by simply looking at

11 the complaint. Defendants assert that the complaint alleges

12 numerous individual, separate, and unrelated issues as opposed to

13 the alleged common questions at issue. (Ct. Rec. 99, p. 16).

14 Examples given by Defendants are as follows: a worker who was

15 never hired cannot share common issues of fact or law with a

16 worker who was employed, but failed to receive adequate payment

17 statements, or who was provided with misleading terms of

18 employment, and a worker cannot claim that Global failed to

19 provide individuals with the terms and conditions of work, but

20 also provided workers with false and misleading disclosures. (Ct.

21 Rec. 99, pp. 17-18). Defendants argue that the resolution of

22 these issues will require distinctly case-specific inquiries into

23 the facts surrounding each alleged claim - which precludes

24 certification.

25     Defendants also contend that Plaintiffs fail to allege the

26 existence of any common discriminatory policy in their complaint

27 or motion, instead, each putative class members' employment may

28 have ended for a number of different reasons; such as, failure to

show up for work, quitting, job related terminations, and mismatched social security numbers.  Predominance requires more than alleging violations of the same statute.  *Monreal v. Potter*, 367 F.3d 1244, 1237 (10th Cir. 2004) ("Plaintiffs do not allege any common issues of fact, and the only common issue of law they assert is a violation of Title VII . . . .").

Defendants next assert that determining individual class member damages will be unmanageable because Plaintiffs have failed to produce any class wide method.  (Ct. Rec. 99, p. 20).  Although Plaintiffs summarily contend that there are no manageability problems, such conclusory statements do not satisfy the manageability requirements for Rule 23.  Defendants allege that Plaintiffs are ignoring the complexity of the damages they are seeking (1. actual damages and lost wages for race discrimination under 42 U.S.C. § 1981, 2. actual damages and lost wages for race discrimination under RCW 49.60.030(2), 3. emotional distress and punitive damages for race discrimination, 4. actual or statutory damages, whichever is greater, for each violation of the AWPA, 5. actual or statutory damages, whichever is greater, for each violation of the FLCA, and 6. twice the amount of wages willfully withheld as exemplary damages pursuant to RCW 49.52.070), and as a practical matter, mini-trials must be conducted for each class member to determine the amount of damages each is entitled to recover under each of the myriad of federal and state statutes. (Ct .Rec. 99, pp. 21-22).

Defendants also separately argue that the fact that Plaintiffs seek "emotional distress damages" renders the class action unmanageable.  (Ct. Rec. 99, pp. 23-24).  Defendants assert

that these type of damages would require each individual plaintiff to establish that Defendants actions caused her personal injury and would need to show the magnitude of injury to determine compensatory damages (subjective differences of each plaintiff's circumstances with an individual remedy).

**3. Plaintiffs' Reply:** Plaintiffs respond that it is entirely possible for an agricultural employer to be held liable for both failing to provide written disclosures and providing false and misleading verbal information about the working arrangement. *Herrera v. Singh*, 103 F.Supp.2d 1244, 1247 (E.D. Wash. 2000) (awarding AWPA damages for failure to provide written disclosures and finding that verbal promises were false and misleading and the agricultural employer violated those verbal promises). (Ct. Rec. 108, p. 26).

Plaintiffs next contend that they have more than satisfied the requirement that their class claims regarding a common discriminatory purpose are not frivolous or insubstantial. (Ct. Rec. 108, p. 27). Plaintiffs assert that, from the very first paragraph of the complaint, they have stated that Defendants "systematically and intentionally preferred H-2A workers from Thailand in violation of federal and state law." (Ct. Rec. 108, p. 27; Ct. Rec. 77, p. 2).

Lastly, Plaintiffs respond that any difficulties that may be associated with Plaintiffs' claims for damages are not extraordinary or substantial enough to warrant a denial of certification. (Ct. Rec. 108, p. 28). Plaintiffs assert that their claims for damages are manageable and that individualized proof that may be required on damages should not preclude a

finding that common questions of law or fact predominate over individual questions. (Ct. Rec. 108, pp. 28-29). Plaintiffs indicate as follows: punitive damages may be awarded based on evidence of conduct that is directed to the class; claims for emotional distress damages have been certified through a hybrid Rule 23(b)(3) class; should they prevail on their AWPA and FLCA claims, courts usually award statutory damages which are easily calculated on behalf of class members; the appointment of a special master to process the claims and assess damages or a lump sum award among class members is an option; and the Court may consider the appointment of a committee of workers employed during the relevant period in order to assist in processing proof of claims. (Ct. Rec. 108, pp. 28-29).

Plaintiffs have also filed a motion to bifurcate the trial in this case. (Ct. Rec. 115). Plaintiffs have moved to hold a trial on liability before a separate trial on damages "to conform to the standard approach taken in employment discrimination class actions." (Ct. Rec. 115). This may additionally assist in the manageability of the case.

**4. Analysis:** The complaint alleges a course of discriminatory conduct against U.S. resident workers and in favor of foreign workers and further alleges there are common statutory provisions which have been violated with respect to U.S. resident workers. Under the *Blackie* Court's analysis, such allegations are sufficient to present common questions of fact and law to support class certification.

///

///

ORDER RE: CLASS CERTIFICATION - 26

1    In this case it is alleged that Defendants used similar

2    misrepresentations or practice regarding working conditions with

3    respect to U.S. resident workers.  It has been noted that "a fraud

4    perpetrated on numerous persons by the use of similar

5    misrepresentations may be an appealing situation for a class

6    action . . . ."  Advisory Comm. on Rule 23, Proposed Amendments to

7    the Rules of Civil Procedure, 39 F.R.D. 69, 103 (1966); See, also,

8    *Oppenheimer v. F.J. Young & Co., Inc.*, 144 F.2d 387 (2nd Cir.

9    1944).  Where it is alleged that a business practice or course of

10   conduct operates to create illusions or false expectations, there

11   is a basis for class determination on that liability issue.

12   The assertions in the complaint allege common issues of fact

13   and law for the representative and putative class members of the

14   proposed class and subclasses.  The questions of law or fact

15   common to the class members predominate over any questions

16   affecting only individual members.  Defendants' argument does not

17   persuade the Court to find otherwise.  Accordingly, the

18   undersigned finds that common questions of law or fact predominate

19   over the individual issues presented in the dispute.

20   Next, taking into consideration the criteria set forth in

21   Rule 23(b)(3),[2] it is apparent that, absent class certification,

22   it is unlikely that individual plaintiffs will challenge

23   Defendants practices.  Absent class members have little incentive

24   to bring actions on their own.  Many may not understand English or

25   _____

26   [2](A) the interest of members of the class in individually
controlling the prosecution or defense of separate actions; (B)
the extent and nature of any litigation concerning the controversy

27   already commenced by or against members of the class; (C) the
desirability or undesirability of concentrating the litigation of

28   the claims in the particular forum; (D) the difficulties likely to
be encountered in the management of a class action.

ORDER RE: CLASS CERTIFICATION - 27

the American legal system, and, even if they could find attorneys

willing to represent their individual claims, repeatedly

litigating the same disputes against the same defendants does not

promote judicial economy.  Finally, the undersigned agrees that,

with regard to managing this particular case as a class action,

any potential difficulties likely to be encountered due to the

relief requested by Plaintiffs will be effectively managed by

bifurcating the trial and holding separate trials on liability and

damages.  (*See*, this Court's separate order regarding Plaintiff's

motion for bifurcation).  Therefore, the undersigned finds that

class treatment is a superior form of relief, considering the four

criteria listed in Rule 23(b)(3).

Based on the foregoing, the Court finds that certification of

the class in this case is proper under Rule 23(b)(2) and,

alternatively and additionally, under Rule 23(b)(3).  Accordingly,

the undersigned concludes that the prerequisites of Rule 23(a) are

satisfied as well as the requirements of Rule 23(b).

**V.    CLASS COUNSEL**

A court that certifies a class must appoint class counsel.

Fed. R. Civ. P. 23(g)(1)(A).  In evaluating Plaintiffs' motion,

the Court has considered the following factors to the extent they

are reflected in the record: "the work counsel has done in

identifying or investigating potential claims in the action,"

"counsel's experience in handling class actions, other complex

litigation, and claims of the type asserted in the action,"

"counsel's knowledge of the applicable law," and "the resources

counsel will commit to representing the class."  Fed. R. Civ. P.

23(g)(1)(C).  Having considered these factors, the Court is

ORDER RE: CLASS CERTIFICATION - 28

1  satisfied that Plaintiffs' counsel of record will fairly and
2  adequately represent the interests of the class.  Fed. R. Civ. P.
3  23(g)(1)(B).  Accordingly, it is ordered that Plaintiffs' counsel
4  of record shall serve as class counsel in this matter.

5  **VI.    CONCLUSION**

6      Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

7      1.    Plaintiffs' Motion for Class Certification (**Ct.**
8  **Rec. 60**) is **GRANTED**.

9      2.    The class and subclasses are limited to include only
10 farm workers living in the United States (with the exception of
11 guest workers) who applied, or who may apply in the future, at
12 Global Horizons for agricultural employment in Washington State at
13 Green Acres or Valley Farm.  However, the class shall not be
14 limited strictly to those individuals who have matching social
15 security numbers.

16     3.    Plaintiffs' counsel of record shall serve as class
17 counsel in this matter.

18     4.    The District Court Executive is directed to file this
19 Order and provide a copy to counsel for Plaintiffs and Defendants.

20     **IT IS SO ORDERED.**

21     DATED this___28th___day of July, 2006.

23                            S/Michael W. Leavitt
                              MICHAEL W. LEAVITT
24                      UNITED STATES MAGISTRATE JUDGE

ORDER RE: CLASS CERTIFICATION - 29