UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JOSE GUADALUPE PEREZ-FARIAS, et al., | ) ) ) | NO. CV-05-3061-MWL |
| Plaintiffs, | ) ) | ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |
| vs. | ) ) ) | |
| GLOBAL HORIZONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

On November 22, 2006, Defendants Global Horizons, Inc., Mordechai Orian, Jane Doe Orian and Platte River Insurance Company ("Defendants") filed a motion for a protective order relating to the deposition of Defendant Mordechai Orian. (Ct. Rec. 183).  Plaintiffs filed a response on December 4, 2006. (Ct. Rec. 191).  Defendants filed a reply on December 11, 2006. (Ct. Rec. 197).  The matter came on for hearing, without oral argument, on December 28, 2006.

**BACKGROUND**

On November 13, 2006, Plaintiffs conducted the deposition of Mordechai Orian.  During the deposition, counsel for Defendants, Howard Foster, raised objections, instructed his client not to answer and indicated he would be filing a motion for a protective order with respect to two specific areas of inquiry.  (Ct. Rec. 184, Exh. A). Defendants subsequently filed a motion for a protective order seeking to prohibit Plaintiffs from inquiring into the recruitment and

-1-

transportation of H-2A workers from Thailand by Defendants and the lawsuit between Bruce Schwartz and Global Horizons. (Ct. Rec. 184). Plaintiffs responded that the two areas of inquiry were relevant as they were reasonably calculated to lead to the discovery of admissible evidence. (Ct. Rec. 191). Defendants replied that the actual information requested by Plaintiffs at the deposition was not relevant to Plaintiffs' case. (Ct. Rec. 197).

## DISCUSSION

### Protective Orders

For "good cause shown," a court may issue a protective order that "discovery may be had only on specified terms and conditions." Fed. R. Civ. P. 26(c)(2). Fed. R. Civ. P. 26(c) is a safeguard to protect parties and witnesses in view of Fed. R. Civ. P. 26(b)'s broad discovery rights. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). Under Fed. R. Civ. P. 26(c), this Court may issue protective orders for persons subject to a subpoena and "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

1.    Prohibiting disclosure or discovery;

2.    Conditioning disclosure or discovery on specified terms;

3.    Preventing inquiring into certain matters; or

4.    Limiting the scope of disclosure or discovery to certain matters.

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance. Fed. R. Civ. P. 26(c); *Jepson, Inc. v. Makita Elec. Works, Ltd,* 30 F.3d 854, 858 (7th Cir. 1994). Generally, a party seeking a protective order

has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be denied the right to take a deposition. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." Fed. R. Civ. P. 26(c).

## **Analysis**

Defendants argue that Plaintiffs inquired into two areas which lack relevancy to Plaintiffs' case; specifically, Global's recruitment process and the transportation of H-2A workers from Thailand, the subject of a separate pending lawsuit against Global in this Court (*Yapunaya et al. v. Global Horizons, Inc., et al.*, Case No. CV-06-3048-RHW (E.D. Wash. 2006)), and the facts surrounding a lawsuit between Global and Bruce Schwartz, a former employee. (Ct. Rec. 184, pp. 2-3).

Defendants assert that Plaintiffs' case concerns allegations that Defendants did not follow written employment agreements between itself and the class members, as well as allegations that Global terminated employees based on discriminatory reasons. Defendants contend that Global's recruitment process of H-2A workers (non-parties in this case) does not relate to Plaintiffs' allegations in the instant case. With regard to the Schwartz lawsuit, Defendants assert that the case between Schwartz and Global concerns unfair competition and has nothing to do with violations of state or federal discrimination laws or agricultural worker protection acts. (Ct. Rec. 184). For these reasons, Defendants requested that the Court issue a protective order preventing Plaintiffs from inquiring into these areas.

Plaintiffs respond that inquiry regarding Defendants' recruitment process of H-2A workers from Thailand is material since it could lead to information demonstrating that Defendants intended to hire H-2A workers from Thailand rather than Plaintiffs, information directly relevant to a cause of action in their complaint. (Ct. Rec. 191, p. 2). Plaintiffs argue that inquiry into the recruitment process of H-2A Thai workers could establish that Defendants had no intention of offering employment to Plaintiffs because it planned on using workers from Thailand.

With regard to the Schwartz litigation, Plaintiffs contend that just because the causes of action in that case may be different from the claims alleged in the instant case, it does not mean that information related to Mr. Schwartz is not relevant to this case. (Ct. Rec. 191, pp. 3-4). Regardless of the difference between the causes of action in the two cases, Plaintiffs assert that inquiry into the Global-Schwartz relationship, and their activities in the state of Washington, could lead to the discovery of admissible evidence. It is apparent that the two lawsuits share similar underlying facts; therefore, inquiry could potentially lead to relevant information.

Defendants reply that Plaintiffs did not request information relating to Global's "hiring intent" during the deposition, but focused instead on the recruitment process which is not a relevant subject in the instant case. (Ct. Rec. 197). Defendants argue that Plaintiffs should not be permitted to inquire into the Schwartz litigation but rather may simply inquire into the role Schwartz had in dealing with certain state and federal regulations while employed at Global. (Ct. Rec. 197).

///

-4-

Defendants, as the party seeking to obtain the protective order, must show "good cause" for its issuance. Fed. R. Civ. P. 26(c); *Jepson,* 30 F.3d at 858. As the party seeking the protective order, Defendants have a "heavy burden" to show why discovery should be limited, and a strong showing is required before the Court will deny Plaintiffs' privilege to inquire into the areas of which Defendants object. *Blankenship*, 519 F.2d at 429. For good cause shown, this Court may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

The undersigned agrees with Plaintiffs that inquiry into the two questioned areas could very well lead to admissible evidence. If the discovery appears reasonably calculated to lead to the discovery of admissible evidence, the information is deemed relevant and discoverable. Fed. R. Civ. P. 26(b). The undersigned thus finds that Defendants have failed to satisfy their burden of demonstrating good cause for the issuance of a protective order to prohibit Plaintiffs from inquiring into Global's recruitment process of H-2A workers from Thailand and information related to Bruce Schwartz.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' motion for a protective order. (**Ct. Rec. 183**).

By denying this motion for a protective order, the Court agrees with Plaintiffs' position that these areas of inquiry are relevant and that the requested discovery is permissible.

///

///

///

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and forward copies to counsel for Plaintiffs and Defendants.

DATED this  28th  day of December, 2006.


                          S/ Michael W. Leavitt
                        MICHAEL W. LEAVITT
                  UNITED STATES MAGISTRATE JUDGE