UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JOSE GUADALUPE PEREZ-FARIAS, et al., | ) ) | NO. CV-05-3061-MWL |
| Plaintiffs, | ) ) ) | ORDER REGARDING PLAINTIFFS' MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| GLOBAL HORIZONS, INC., GREEN ACRE FARMS, INC., VALLEY FRUIT ORCHARDS, LLC, and PLATTE RIVER INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is Plaintiffs' January 3, 2007 motion for reconsideration of this Court's December 18, 2006 ruling (Ct. Rec. 199). (Ct. Rec. 208). Plaintiffs argue that the Court committed an error of law and a manifest injustice would result if the decision was not reversed. (Ct. Rec. 208). Plaintiffs request that the Court reconsider its order and thereafter direct Defendant Global Horizons, Inc., ("Global") to fully respond to Plaintiffs' specific interrogatory request and request for production regarding all prior violations of state and federal law. (Ct. Rec. 208).

-1-

**Background**

On December 18, 2006, the Court entered an order regarding Plaintiffs' motion to compel discovery. (Ct. Rec. 199). Plaintiffs' motion to compel had requested that Global be compelled to answer certain interrogatories from Plaintiffs' First Set of Interrogatories and Requests for Production. (Ct. Rec. 174, p. 2). In this same motion, Plaintiffs additionally requested that the Court order Defendants Green Acre Farms and Valley Fruit Orchards to respond to discovery requests. (Ct. Rec. 173). On November 28, 2006, at the hearing on that motion, the Court granted Plaintiffs' request with respect to Green Acre Farms and Valley Fruit Orchards and ordered additional briefing from Plaintiffs and Global with respect to the discovery request of Global. (Ct. Rec. 173, 186, 190).

Plaintiffs argued that they were entitled to evidence of past violations of federal and state law in order to assist in calculating damages and to discover whether Global has engaged in a pattern and practice of violating the AWPA. (Ct. Rec. 174, p. 4). Plaintiffs also argued that they were entitled to information as to prior race or national origin discrimination suits or agency actions relevant to their § 1981 race and national origin claims. (Ct. Rec. 174, p. 5).

In Plaintiffs' supplemental briefing, Plaintiffs argued that, in order for Plaintiffs to obtain an injunction against Global, they must put forth evidence that what happened in Washington in 2004 was not an aberration, but was consistent with Global's pattern and practice of conducting business throughout the nation. (Ct. Rec. 195, p. 2).

///

Plaintiffs asserted that if Global violated labor laws in other states before or after it conducted business in Washington in 2004, that information is relevant to whether Global has a pattern of repeatedly violating the law.  Plaintiffs additionally argued that evidence of past business practices may reveal that Global's alleged unlawful conduct was part of a larger pattern of discrimination.  (Ct. Rec. 195, p. 4).  Plaintiffs asserted that the "existence and frequency" of a defendant's similar past conduct or prior violations of laws is relevant in determining the amount of punitive damages.  (Ct. Rec. 195, pp. 5-6).  Plaintiffs lastly argued that the issues of nature and persistence of alleged violations by Global would be relevant in determining the amount of statutory damages to be awarded for AWPA violations.  (Ct. Rec. 195, pp. 7-9).

The Court determined that Global failed to show that the discovery of documents related to their prior violations of the Migrant and Seasonal Agricultural Worker Protection Act should not be allowed.  The Court thus deemed this information properly discoverable.  (Ct. Rec. 199, p. 6).  However, with respect to allegations of discrimination, the Court found that prior allegations of discrimination, with no relation to any plaintiff in this case, was not relevant.  The Court therefore concluded that Global was not required to produce information about allegations of discrimination involving non-class members.  (Ct. Rec. 199, pp. 6-7).

Plaintiffs contend that the Court committed an error of law in so finding and request that the Court reconsider that determination. (Ct. Rec. 208).

**Legal Standard**

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). However, reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994); *see, also, Alliance for Cannabis Therapeutics v. D.E.A.,* 15 F.3d 1131, 1134 (D.C. Cir. 1994). There may also be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263.

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240

(D. Del. 1990).  Accordingly, a party seeking reconsideration must demonstrate what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.

### Analysis

Global argues that Plaintiffs' motion for reconsideration is procedurally defective.  (Ct. Rec. 221).  Global argues that Plaintiffs failed to present any new evidence, change in law, clear error or unusual circumstance warranting reconsideration of the Court's original order.  (*Id.*)  The undersigned agrees.  Plaintiffs have demonstrated no new or different facts or circumstances, newly discovered evidence,[1] clear error, manifest injustice, or change in controlling law to warrant reconsideration.

The undersigned finds that Plaintiffs have failed to demonstrate that any of the applicable grounds for relief exist.  Plaintiffs merely reargue points they raised previously.  They simply want this Court to change its mind.  Thus, the motion could be denied on procedural grounds alone.

Nevertheless, the Court notes that even if it were to reach the substantive issues, the motion would still be denied.  Plaintiffs claim that to limit discovery to violations of the AWPA and allegations of discrimination against workers employed by Global in Washington State in 2004 would result in a denial of their right to

---

[1]Although Plaintiffs' reply memorandum argues they have newly discovered evidence that is pertinent to the motion for reconsideration (Ct. Rec. 227), the Court has reviewed Plaintiffs' reply and has discovered nothing that warrants reconsideration of the December 18, 2006 order.

prove a long-standing pattern of discrimination. (Ct. Rec. 208, p. 5). Plaintiffs assert that Global entered the state of Washington in 2004; however, Plaintiffs alleges that, prior to 2004, Global's acts of discrimination and violations of labor laws existed in other states. (Ct. Rec. 208, p. 5). Plaintiffs contend that they are entitled to that information to prove their case. (*Id.*)

Plaintiffs' initial motion addressing "Defendants' Prior Violations of other federal laws," provides, in its entirety, only the following:

> Plaintiffs also have § 1981 race and national origin claims. Plaintiffs have requested injunctive relief and punitive damages for this cause of action in their Prayer. [citation] Plaintiffs are similarly entitled to discover information as to prior race or national origin discrimination suits or agency actions for the purpose of injunctive relief and punitive damages.

(Ct. Rec. 174, p. 5).

Plaintiffs' supplemental briefing argued that if Global "**violated** the above labor laws in other states either before or after it conducted business in Washington state in 2004, that information is directly relevant to whether it has conducted its business in bad faith and whether Global has a pattern of repeatedly **violating** the law." (Ct. Rec. 195, p. 3) (emphasis added). Next, with respect to punitive damages, Plaintiffs asserted that the Supreme Court has ruled that it is well-settled law that the existence and frequency of a defendant's prior **violations** of laws is directly relevant in determining the amount of punitive damages. (Ct. Rec. 195, pp. 5-6). Plaintiffs' conclusion in their supplemental materials requests that the Court order Global to respond to produce discovery "regarding

///

-6-

prior **violations** of labor laws." (Ct. Rec. 195, p. 9) (emphasis added).[2]

The Court found the above assertions in Plaintiff's supplemental briefing were legitimate and gave them considerable weight when making its finding that documents related to Global's prior **violations** of the AWPA should be discoverable. However, as noted by Global (Ct. Rec. 181, p. 4), Plaintiffs failed to cite to authority for the proposition that unrelated **allegations** of discrimination, by non-class members, is properly discoverable in this case. Accordingly, the Court concluded that, with respect to **allegations** of discrimination, Global would not be required to produce information about **allegations** of discrimination involving non-class members. The Court continues to agree with Global that discrimination allegations, with no relation to any plaintiff in this case, are not relevant.[3]

In Plaintiffs' reply memorandum, Plaintiffs cite allegations of past misconduct by Global; however, this "new information" does not address past discrimination by Global. (Ct. Rec. 227). Plaintiffs also fail to sufficiently address how the new information they have acquired is connected to their claims of discrimination as alleged in their complaint. (Ct. Rec. 227).

---

[2] Plaintiffs indicate that they need to "discover whether Global had been previously put on notice about violating federal labor laws in other states . . . [and] must be given access to all evidence of prior violations of labor laws regarding the employment of H-2A workers in other states . . . ." (Ct. Rec. 208, p. 6). However, that is not precisely what Plaintiffs' request in their interrogatory request. (Ct. Rec. 208, p. 2).

[3] Allegations are very different from violations. The Court notes that Plaintiffs have distinguished between violations and allegations in their discovery requests. The Court was careful to note that distinction in making its determination on December 18, 2006.

Unaddressed by the Court in its December 18, 2006 order is Global's past violations of "other labor laws." (Ct. Rec. 199).  The Court did not address this issue with respect to Plaintiffs' interrogatories and requests for production because Plaintiffs' initial argument in their motion to compel pertained exclusively to seeking documents regarding prior violations of the AWPA and information as to prior race or national origin discrimination. (*See*, Ct. Rec. 174, pp. 4-5).  Plaintiffs' supplemental brief was additionally ambiguous regarding violations of "other" labor laws, outside of the AWPA and discrimination laws. (Ct. Rec. 195).  Their first argument indicates they are entitled to discovery because they have requested injunctive relief pursuant to Section 1981 (equal rights), the AWPA and the Washington Law Against Discrimination. (Ct. Rec. 195, p. 2).  Plaintiffs then assert they are entitled to discovery based on punitive damages claims "pursuant to § 1981." (Ct. Rec. 195, p. 5).  Plaintiffs' third, and final, argument pertains to the AWPA. (Ct. Rec. 195, pp. 6-9).  Accordingly, Plaintiffs argument with respect to Global's violations of "other labor laws," outside of the AWPA and discrimination laws, is, at best, ambiguous.

## Conclusion

In the instant motion, Plaintiffs merely reargue points they raised previously.  Plaintiffs simply want this Court to change its mind, without providing a legitimate basis for reconsidering the

///

///

///

-8-

order.  This Court has already addressed the issue and, for the above stated reasons, **IT IS HEREBY ORDERED**:

1.   Plaintiffs' motion for reconsideration (**Ct. Rec. 208**) is **DENIED**.

2.   Defendant Global Horizons, Inc., continues to not be required to produce information with respect to allegations of race or national origin discrimination pertaining to non-class members.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this____13th____day of February, 2007.


                             s/Michael W. Leavitt
                          MICHAEL W. LEAVITT
                     UNITED STATES MAGISTRATE JUDGE

–9–