UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JOSE GUADALUPE PEREZ-FARIAS, et al. | ) ) | No. CV-05-3061-MWL |
| Plaintiffs, | ) ) ) | ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM ORDER |
| v. | ) ) | |
| GLOBAL HORIZONS, INC., et al., | ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendants' motion, pursuant to Fed. R. Civ. P. 60(b), for relief from this Court's orders and for sanctions.  (Ct. Rec. 340).

**I.    BACKGROUND**

On March 12, 2007, the Court ordered Defendant Global to produce all documents requested in Plaintiffs' Third Set of Requests for Production #11 and #12 and Plaintiffs' Fourth Set of Requests for Production #6, as well as all documents sought by and identified in Plaintiffs' motion to compel pertaining to Mr. Holt (Ct. Rec. 245, pp. 2-3) within five (5) calendar days.  (Ct. Rec. 274).

///

ORDER - 1

1     On March 27, 2007, the Court denied Plaintiffs' motion for
2  contempt and gave Defendants additional time to comply with this
3  Court's March 12, 2007 order.  (Ct. Rec. 329).  The Court noted,
4  however, that Plaintiffs' motion for contempt (Ct. Rec. 301) was
5  in no way inappropriate, frivolous or sanctionable.  (Ct. Rec.
6  329, p. 2, n. 1).

7     On March 20, 2007, the Court issued an order granting
8  Plaintiffs' March 8, 2007 motion to compel.  (Ct. Rec. 298).
9  Defendants, again, failed to file any response to Plaintiffs'
10 motion to compel (Ct. Rec. 266).  The Court ordered Defendants to
11 produce the requested discovery within five calendar days.  (Ct.
12 Rec. 298).

13    Prior to the deadline for Defendants' to comply with the
14 Court's March 12, 2007 order (Ct. Rec. 329), Defendants filed
15 their Motion For Relief From Default Orders pursuant to Fed. R.
16 Civ. P. 60(b)(1) and (6) and for sanctions.  (Ct. Rec. 340).  On
17 March 29, 2007, Defendants filed a supplemental declaration
18 indicating that Plaintiffs should additionally be sanctioned for
19 failing to comply with the Local Rules' "meet and confer"
20 requirements.  (Ct. Rec. 345).  Plaintiffs' filed an opposition on
21 March 29, 2007.  (Ct. Rec. 346-348).

22 **II.  DISCUSSION**

23    Fed. R. Civ. P. 60(b) provides in relevant part:

24    On motion and upon such terms as are just, the court may
      relieve a party or a party's legal representative from a
25    final judgment, order, or proceeding for the following
      reasons:  (1) mistake, inadvertence, surprise, or excusable
26    neglect; . . . or (6) any other reason justifying relief from
      the operation of the judgment.  The motion shall be made
27    within a reasonable time, and for reasons (1), (2), and (3)
      not more than one year after the judgment, order, or
28    proceeding was entered or taken.

ORDER – 2

### A.    60(b)(1)- Excusable Neglect

"At least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497 (1993).  There is no "neglect" where a party's failure to respond is due to matters entirely beyond its control.  The "inability to comply with earlier deadlines [takes] the case outside the scope of 'excusable neglect' because 'neglect' in the context of its subject matter carries the idea of negligence and not merely of non-action." *Id*.

Defendants do not assert they were unable to comply with the deadlines for filing responses because of any "neglect" on their part.  Defendants assert that they placed their case, and their responsibility to timely file responses, in the hands of their previous attorney, Mr. Foster, and, as a result of Mr. Foster's neglect or carelessness, the necessary responses were not filed. (Ct. Rec. 342).  Defendants, however, present nothing indicating that neglect on Mr. Foster's part was somehow "excusable."  In fact, Defendants assert that Mr. Foster failed to take care of these matters despite being told to "not let anything he was working on drop while Mr. Shiner was getting into the cases." (Ct. Rec. 344, p. 3).

Accordingly, Rule 60(b)(1) has no application here because: 1) Defendants do not acknowledge any neglect on their part; and 2) there is no evidence that the conduct of Mr. Foster amounted to "excusable neglect."

///

ORDER - 3

**B.   60(b)(6) - Any Other Reason Justifying Relief**

Rule 60(b)(6) is a catch-all ground for relief.  It gives the Court the power to set aside orders whenever extraordinary circumstances exist making relief necessary to accomplish justice. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  The Rule 60(b)(6) catch-all is for reasons other than those listed in the preceding five clauses of the Rule.  In other words, 60(b)(6) and 60(b)(1) are mutually exclusive. *Pioneer Investment Services Co.*, 507 U.S. at 393.  To justify relief under 60(b)(6), a party must show "extraordinary circumstances" suggesting the party is faultless in the delay because circumstances beyond its control prevented it from taking timely action to protect its interests.  *Id.*

At all times relevant to this motion, Defendants have been represented by counsel.  It is clear from the pleadings that Defendants and all counsel were fully aware of their obligations with respect to pending discovery disputes.  Defendant Mordechai Orian's declaration indicates that he learned of this Court's order compelling discovery on approximately March 12, 2007, and again on March 20, 2007 (Ct. Rec. 344, p. 3) and Defendants' counsel indicates in a March 7, 2007 letter to opposing counsel that he was aware of their preparation of a motion to compel based upon document production (Ct. Rec. 343-3).  Numerous emails provided by Defendants indicate their continuing awareness of Plaintiffs' motions to compel and this Court's rulings thereon. (Ct. Rec. 343-2).  Yet, Defendants filed no response to pending motions and filed nothing with the Court to request relief from ///

deadlines to respond to motions to compel or from deadlines imposed as a result of this Court's rulings on those motions.  In fact, although Defendants' counsel has promised since early March that a motion for reconsideration would be forthcoming (Ct. Rec. 343-2, p. 9), the instant motion was not filed until March 28, 2007.[1]  In the interim, and despite being aware of this Court's orders with respect to discovery and pending discovery motions, Defendants' counsel has prepared and filed various pleadings regarding other issues.

Based on the foregoing, the Court is compelled to find that Defendants and counsel for Defendants had knowledge of the discovery requests and this Court's orders on Plaintiffs' motions to compel.  Defendants are not entitled to relief under Rule 60(b)(6) because they have not demonstrated that circumstances beyond their control prevented them from taking timely action to protect their interests.

**C.    Discovery at Issue**

The issues before the Court relate to discovery matters. Accordingly, a determination on these issues is based on rules and principles relating to discovery and not the admissibility of evidence sought.  Even if the Court were to reach Defendants' substantive arguments with respect to the disputed discovery, the Court would still find that the discovery should be produced.

///

///

---

[1] Prior to the March 28, 2007 filing of the instant motion, no opposition had been filed with this Court regarding these discovery requests despite the fact that some of these requests have been outstanding for several months.  (Ct. Rec. 347, p. 2; Ct. Rec. 348, pp. 2-3).

ORDER – 5

1    With regard to discovery related to James Holt, Ph.D.,
2  Defendants have not established that it is in any way subject to
3  the attorney work product privilege or the attorney-client
4  privilege.  There has simply been no showing to support this
5  assertion by Defendants.
6    Regarding Violations of AWPA and H-2A Information, as
7  previously ordered by the Court, Defendants shall supplement their
8  responses and include all agency charges, actions, notices of
9  violation or any civil suits related to violations of the AWPA and
10  H-2A regulations, regardless of whether any charge, action, notice
11  or violation of civil suit has been appealed or not reached final
12  judgment, if such information exists and was not previously
13  provided to Plaintiffs.
14    As to the ACT database, the Court disagrees with Defendants'
15  assertion that producing the data in its "native" format is
16  impossible.  (Ct. Rec. 342, p. 5).  Plaintiffs' counsel, Gregory
17  S. Johnson, has indicated that the production of this information
18  should be relatively easy to accomplish.  (Ct. Rec. 346).  The
19  Court agrees that such information should be obtainable without
20  much difficulty.  Defendants are compelled to produce the ACT
21  database, in its native format.
22    The Court also disagrees with Defendants' claim that
23  production of emails is overly burdensome.  (Ct. Rec. 342, p. 5)
24  As noted by Plaintiffs, discovery of e-mail communications is now
25  commonplace in litigation.  (Ct. Rec. 347, pp. 4-5).  All email
26  between Defendants and Bruce Schwartz and between Defendants and
27  Amnon Gonnene shall be produced by Defendants.
28  ///

ORDER - 6

Defendants' claim that production of their phone records, over a seven-month period of time, is overly broad and burdensome. (Ct. Rec. 342, p. 6). The Court does not agree. Like email, the discovery of phone records is commonplace in litigation and not overly difficult to compile and produce. Defendants shall be required to produce their phone records from November 1, 2003 through July 30, 2004.

Defendants fail to raise well grounded arguments for their refusal to produce documents related to recruiting identified by Mr. Orian, the H-2A employee agreements, and the recruitment criteria used by Defendants. With respect to information related to the recruitment and transportation of H-2A workers from Thailand, the Court ordered, on December 28, 2006, that such information was relevant and discoverable. (Ct. Rec. 205). Defendants are required to produce the package related to recruiting identified by Mr. Orian, the H-2A employee agreements, and the recruitment criteria used by Defendants.

As previously ordered, Defendants shall also produce the following documents: the power of attorney with Amnon Gonnene, all communications with Washington State regarding Defendants' Farm Labor Contractor's License in 2003 and 2004, all communication with the Social Security Administration regarding class members, all notes prepared by a former Global employee, Maria Ramirez, in 2003 and 2004, records documenting when Global translated Clearance Orders that were certified in Washington State in 2004, and an Excel spreadsheet summarizing time card information for U.S. Resident workers and H-2A workers in Washington State in 2004. (Ct. Rec. 298).

ORDER - 7

It appears from Plaintiffs' response memorandum (Ct. Rec. 347) that some of these items, in particular, the excel spreadsheet for time cards, have not yet been produced, and Defendants have provided no valid argument for withholding this information.

### D.    Sanctions

Defendants' Rule 60(b) motion additionally requests sanctions against Plaintiffs. (Ct. Rec. 342). Defendants argue that Plaintiffs' discovery motions were filed in bad faith and for the purpose of harassing Defendants. (Ct. Rec. 342, pp. 9-14). The undersigned does not agree.

As noted in this Court's March 27, 2007 order, Plaintiffs' motion for contempt (Ct. Rec. 301) was in no way inappropriate, frivolous or sanctionable. (Ct. Rec. 329, p. 2, n. 1). The Court explained that the Court issued an order, Defendants failed to comply with the Court's order and Plaintiffs, thereafter, moved for enforcement of that order. (Ct. Rec. 329, p. 2, n. 1). A party's action of filing motions due to a lack of timely or adequate response from another party is likewise in no way improper. As explained by Plaintiffs, facing an impending discovery deadline, they felt it necessary to file motions in order to move the case forward and to comply with this Court's orders. The Court finds that Plaintiffs' motions were not filed in bad faith. Accordingly, sanctions are not warranted.

## III. CONCLUSION

Based on the foregoing, Defendants' motion, pursuant to Fed. R. Civ. P. 60(b), for relief from this Court's orders (**Ct. Rec. 340**) is **DENIED**. Defendants' request for sanctions is also denied.

1    Defendants are ordered to fully comply with all orders for

2  production previously ordered by this Court forthwith.

3    **IT IS SO ORDERED.**  The District Court Executive shall file

4  this order and provide a copy to counsel for Plaintiffs and

5  Defendants.

6

7    **DATED** this____30th____day of March, 2007.

8                                   s/Michael W. Leavitt
                                   MICHAEL W. LEAVITT
9                         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 9