UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSE GUADALUPE PEREZ-FARIAS, )     NO. CV-05-3061-MWL
et al.,                      )
                             )     ORDER REGARDING DEFENDANTS'
            Plaintiffs,      )     MOTION FOR RECONSIDERATION
                             )     AND MOTION TO EXPEDITE
       vs.                   )
                             )
GLOBAL HORIZONS, INC., et    )
al.,                         )
                             )
            Defendants.      )
_____ )

Before the Court is Defendants' April 2, 2007 motion for
reconsideration of this Court's March 30, 2007 ruling (Ct. Rec. 351)
on Defendants' motion for relief from the Court's orders. (Ct. Rec.
354). Defendants additionally request that the Court hear that motion
on an expedited basis. (Ct. Rec. 352). Defendants request for an
expedited hearing is **granted**.

The Court notes, at the outset, that Global's counsel, Mr.
Shiner, initially cited no legal authority to support a motion for
reconsideration, provided no legal analysis justifying reconsideration
of this Court's order and failed to comply with this Court's local
rules with respect to motion practice.[1]  Local Rule 7.1(b) provides
that the moving party shall "file **with** the motion a memorandum setting

_____

[1]All future filings that do not comply with this Court's procedures shall be
stricken and disregarded by the Court.  The Court shall additionally consider the
imposition of sanctions against the offending attorney.

-1-

forth the points and authorities relied upon in support of the motion." LR 7.1(b) (emphasis added). In the instant motion, Mr. Shiner instead initially provided only a declaration of counsel which made assertions in support of his argument that this Court's March 30, 2007 ruling should be reconsidered. Two days following the filing of his motion and declaration, Mr. Shiner provided the Court with a memorandum in support of his motion. The memorandum lacks the signature of local counsel.

### **Legal Standard**

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). However, reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994); *see, also, Alliance for Cannabis Therapeutics v. D.E.A.,* 15 F.3d 1131, 1134 (D.C. Cir. 1994). There may also be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications,*

-2-

*Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Accordingly, a party seeking reconsideration must demonstrate what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.

## **Analysis**

Defendants failed to present any new or different facts or circumstances, newly discovered evidence, clear error, manifest injustice, or change in controlling law to warrant reconsideration. Accordingly, Defendants have failed to demonstrate that any of the applicable grounds for relief exist. The Court will nevertheless address some of the statements made in Mr. Shiner's declaration and address the case law cited in Mr. Shiner's untimely, deficient memorandum in support of the instant motion.

Mr. Shiner asserts that although he was aware of the need to respond to motions to compel since March 7, 2007, "[he] was prohibited by this Court from responding to any motions . . . ." (Ct. Rec. 356, p. 2). Mr. Shiner indicates that he was told the same "twice by the

///

-3-

Court's law clerk as well as administrative personnel in the US District Court's Clerk's office." (Ct. Rec. 356, p. 2). Mr. Shiner was, in fact, informed that he should speak with his local counsel if he had problems understanding his responsibilities and obligations pursuant to the Court's local rules. Moreover, Mr. Shiner's email to Mr. Foster, on March 8, 2007, reflects that Mr. Shiner had "already discussed the pro hac vice process with [local counsel]" and that he would be filing his application "forthwith." (Ct. Rec. 289-2). That filing, inexplicably, did not occur until March 15, 2007. (Ct. Rec. 281). Mr. Shiner delayed properly requesting to be admitted as pro hac vice counsel and properly requesting to be substituted in as counsel of record. Mr. Shiner has not provided any rationale for his delay in this regard, and the Court finds it difficult to understand why Mr. Shiner did not proceed promptly after being retained by Defendants.

Mr. Shiner declares that "[t]his Court should not find that Global Horizons had any control over the failure to respond to the Motions to Compel since, in large measure, it was this Court itself which prohibited [him] from making any motions." (Ct. Rec. 356, p. 3). Mr. Shiner indicates that he was "legally incapable of filing any responsive paperwork with this Court." (Ct. Rec. 356, p. 3). He states "[i]f I could have filed opposition papers, I would have." (Ct. Rec. 356, p. 3). These assertions are impertinent and disingenuous at best. Counsel knows that an attorney must properly appear in a case before any motions on behalf of a party may be filed. Even after finally properly appearing in this case, Mr. Shiner waited

-4-

until March 28, 2007, to file a motion with respect to this Court's orders compelling discovery responses. (Ct. Rec. 340). Furthermore, nothing prohibited Mr. Shiner from contacting local counsel and having local counsel file opposition papers, or motions for extensions of time, on behalf of Global. In fact, prior to counsel properly being substituted in as counsel of record on March 23, 2007 (Ct. Rec. 320), Mr. Shiner directed the filing of two lengthy motions, a motion for continuance of trial (Ct. Rec. 287) and a motion for sanctions (Ct. Rec. 316).

In addition to alleging fault by the Court, Mr. Shiner also attributes responsibility for a lack of response to motions to former counsel, Howard Foster. However, the emails furnished to this Court by Mr. Shiner in support of his March 19, 2007 motion for continuance of trial demonstrate that, on March 8, 2007, Mr. Shiner instructed Howard Foster to not file any motion with the Court after Mr. Foster indicated he could file a request for continuance.[2] (Ct. Rec. 289-2). On March 12, 2007, Mr. Shiner instructed Mr. Foster, by email, as follows: "Any further communications relative to Global Horizons or any of the other parties in the action whom you represented should be directed to this office. Please do not contact Mr. Orian directly any more for any reason." (Ct. Rec. 289-2).

Mr. Shiner also states that "[w]hile Plaintiffs' Motion for Contempt and for Sanctions heard on March 26 was found not to be frivolous or sanctionable since the Orders were legally obtained, that

---

[2]Mr. Foster wrote, "I can request a continuance of all pending motions with my motion to withdraw . . . ." Mr. Shiner replied, "Don't file the motions just yet, please." (Ct. Rec. 289-2).

was not the Motion to which the most recent Motion for Sanctions was directed." (Ct. Rec. 356, p. 4).  The Court is fully aware of this distinction, and a careful reading of this Court's order would reveal the same.  The Court explained in the March 30, 2007 order that, as previously held, Plaintiffs' motion for contempt was in no way inappropriate or sanctionable, and "[a] party's action of filing motions due to a lack of timely or adequate response from another party is **likewise** in no way improper."  (Ct. Rec. 351, p. 8) (emphasis added).

Defendants' memorandum cites, as they previously cited in their motion for relief from orders (Ct. Rec. 342, pp. 3-4), the *Pioneer Investment* bankruptcy case (507 U.S. 380 (1993)) and a Ninth Circuit case, *Briones* (116 F.3d 379 (9th Cir. 1997)).  (Ct. Rec. 361).  These cases deal with the loss of claims, not discovery matters.  The relief requested by Defendants in the instant matter does not relieve a party from a final judgment that forecloses a claim.

In *Briones*, the Ninth Circuit held that a *pro se* plaintiff's opposition, filed three months late, to a motion to dismiss, might be due to excusable neglect.  *Briones*, 116 F.3d at 379.  The Court noted that it was not apparent whether Briones' failure to respond to the motion to dismiss resulted only from a failure to read and attempt to follow court rules.  *Id.* at 382.  The Court held that Briones' conduct nevertheless appeared to have been at least negligent.  *Id.*  The Court thus remanded the matter to the district court for it to reconsider its decision and address whether Briones' neglect was excusable.  *Id.*
///

-6-

The case at hand does not involve a *pro se* party, and the instant issue is not dispositive of the case. At all times relevant to this motion, Defendants have been represented by counsel. It is clear from the pleadings that Defendants and all counsel were fully aware of their obligations with respect to pending discovery disputes. Defendants have never claimed that they were unaware of the dates for filing responses, nor have Defendants presented anything that indicates that the neglect was "excusable."

In *Pioneer*, the Court concluded that where the notice given to a party about a court ordered filing deadline contains a "dramatic ambiguity which could . . . confuse even persons experienced in bankruptcy," it would be error to conclude that, absent prejudice to the other party, failure to comply with the deadline was not excusable neglect. *Pioneer*, 507 U.S. at 387. Although the Court in *Pioneer* recognized that "excusable neglect" is a flexible concept, the Court also indicated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. In this case, the dates for filing responses were not ambiguous; they was explicitly spelled out by the Court. As noted above, it is clear from the pleadings that Defendants and all counsel were fully aware of the response dates. Furthermore, Defendants have presented nothing indicating that the neglect was somehow "excusable."

Defendants argue that negligence by failing to timely file a response is per se "excusable neglect." (Ct. Rec. 361, p. 9). That is simply not the law. A failure to timely file may amount to

-7-

1  negligence.   However, the negligence or neglect must also be shown to

2  be excusable in order for relief to be granted pursuant to Fed. R.

3  Civ. P. 60(b).   That has not been shown here.

4  **Conclusion**

5  The instant motion is Defendants' request for the Court to

6  reconsider the Court's March 30, 2007 order.   The March 30, 2007 order

7  was an order denying Defendants' request for relief from the Court's

8  previous orders.   Therefore, basically, Defendants' current motion is

9  a motion for reconsideration on an order regarding their previous

10 motion for reconsideration.   This Court has already addressed the

11 issue and no legitimate basis has been provided for reconsidering the

12 issue.

13 The Court notes that these motions by Global relate to this

14 Court's orders regarding discovery requests by Plaintiff.   By Global's

15 inaction, and now a flurry of activity regarding the Court's orders on

16 motions to compel discovery, Global continues to prolong and delay

17 production of the requested and now ordered discovery.   In light of

18 the fast approaching discovery deadline, this Court is becoming

19 concerned that Global's actions are delaying discovery in this case.

20 This Court will entertain no further motions from Global

21 regarding the orders to compel discovery previously ordered.   Global

22 and its attorneys shall promptly comply with the Court's orders with

23 respect to the discovery ordered.   Accordingly, **IT IS HEREBY ORDERED**:

24 1.   Defendants' motion to expedite the hearing on their motion

25 for reconsideration (**Ct. Rec. 352**) is **GRANTED**.

26 ///

27

28 -8-

2.   Defendants' motion for reconsideration (**Ct. Rec. 354**) is **DENIED**.

**IT IS SO ORDERED**.   The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this_____5ᵗʰ_____day of April, 2007.


                              s/Michael W. Leavitt
                              MICHAEL W. LEAVITT
                    UNITED STATES MAGISTRATE JUDGE