UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE GUADALUPE PEREZ-FARIAS, et al., | NO. CV-05-3061-MWL |
| Plaintiffs, | ORDER REGARDING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER |
| vs. | |
| GLOBAL HORIZONS, INC., et al., | |
| Defendants. | |

Before the Court is Plaintiffs' April 6, 2007 motion for a protective order to prohibit Defendants from inquiring into the immigration status of all class members. (Ct. Rec. 369).

### Background

Plaintiffs request that the Court "order that Defendants are prohibited from inquiring into their immigration status or eligibility for employment to prevent the intimidation of Plaintiff class members and the suppression of the enforcement of class members' rights." (Ct. Rec. 370, p. 11).

Defendants filed no response to Plaintiffs' motion for a protective order. Local Rule 7.1(h)(5) holds that "[a] failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on

the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default." Accordingly, the Court could have found that Defendants have agreed to the entry of an order granting Plaintiffs' motion for a protective order without hearing. However, the Court held a hearing on this motion to obtain clarification from Plaintiffs on the effect and/or relationship the requested relief would have on the December 18, 2006 order and what effect, if any, the Immigration Reform and Control Act of 1986 ("IRCA") and the Supreme Court case of *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002) would have on the requested protective order.

## Legal Standard

For "good cause shown," a court may issue a protective order that "discovery may be had only on specified terms and conditions." Fed. R. Civ. P. 26(c)(2). Fed. R. Civ. P. 26(c) is a safeguard to protect parties and witnesses in view of Fed. R. Civ. P. 26(b)'s broad discovery rights. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). Under Fed. R. Civ. P. 26(c), this Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including:

1. Prohibiting disclosure or discovery;
2. Conditioning disclosure or discovery on specified terms;
3. Preventing inquiring into certain matters; or
4. Limiting the scope of disclosure or discovery to certain matters.

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c); *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Generally, a party seeking a protective order has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be denied the right to take a deposition. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "If the motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." Fed. R. Civ. P. 26(c).

### **Analysis**

Plaintiffs argue that they are entitled to a protective order to completely prevent Defendants from inquiring into class members' immigration status in this case. (Ct. Rec. 370). Plaintiffs assert that immigration status is not relevant to a determination of damages. (Ct. Rec. 370, p. 11).

On November 30, 2005, the Court entered an order regarding the scope of the depositions of the named Plaintiffs. (Ct. Rec. 36). The Court ordered that the scope of the depositions would be limited to liability issues rather than damages or mitigation. (Ct. Rec. 36, p. 2). However, the Court held that, after the Court ruled on Plaintiffs' motion for class certification, Defendants would

///

///

thereafter be entitled to resume depositions of the named Plaintiffs for the purpose of asking questions related to damages and mitigation. (Ct. Rec. 36, pp. 2-3).

On January 4, 2006, the Court granted Plaintiffs' motion for a protective order prohibiting the discovery of Plaintiffs' immigration status, finding that such information was immaterial for purposes of class certification issues. (Ct. Rec. 50). The Court agreed with Plaintiffs' assertion that, at that early stage of the case, where discovery had been limited to issues regarding liability and class certification, a protective order was warranted to prohibit Defendants from inquiring into Plaintiffs' immigration status. (Ct. Rec. 50, p. 12).[1] However, the Court further indicated that when the scope of discovery was broadened to include issues as to damages, the immigration status issue could be revisited. (Ct. Rec. 50, p. 12). The Court specifically indicated that "Defendants may seek leave to discover information relating to Plaintiffs' immigration status" at a later juncture. (Ct. Rec. 50, p. 12).

Plaintiffs' motion for class certification was granted by the Court on July 28, 2006. (Ct. Rec. 136). Pursuant to the Court's earlier order (Ct. Rec. 36, pp. 2-3), Defendants were thereafter entitled to resume depositions of the named Plaintiffs for the purpose of asking questions related to damages and mitigation. On November

---

[1] Plaintiffs argued that, similar to the case *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004), the discovery sought by Defendants was at the beginning of the litigation process, and, at that stage of the litigation, was not relevant. (Ct. Rec. 37). Specifically, Plaintiffs asserted that "[i]nquiry into plaintiffs' immigration status in this matter is not relevant to a determination for class certification matters." (Ct. Rec. 37, p. 6). The Court agreed. (Ct. Rec. 50).

21, 2006, Defendants moved the Court for a modification of the January 4, 2006 protective order. (Ct. Rec. 178).

On December 18, 2006, the Court granted Defendants' motion for a modification of the protective order. (Ct. Rec. 200). The Court indicated that the immigration status of class members is relevant to a defense even though immigration status is not an element of Plaintiffs' employment discrimination cause of action. (Ct. Rec. 200, p. 6). The Court granted Defendants the relief they requested; namely, a modification of the January 4, 2006 protective order to permit Defendants to introduce evidence "already in their possession" related to the immigration status of certain class members but not to allow further inquiry into the immigration status of Plaintiffs. (Ct. Rec. 198, p. 2; Ct. Rec. 200, p. 5).

While the Court had previously found that immigration status was not relevant to the previously limited scope of discovery (Ct. Rec. 50), now that the class has been certified and discovery has been broadened to include damages (Ct. Rec. 36; Ct. Rec. 136), the immigration status of Plaintiffs is, again, ripe for discussion (Ct. Rec. 200).

In the hearing on the instant motion, the effect of the provisions of IRCA and the *Hoffman* case were discussed. The Ninth Circuit in *Rivera* specifically addressed and distinguished both IRCA and the Supreme Court's ruling in *Hoffman* in affirming a protective order prohibiting inquiry into the immigration status of plaintiffs during the discovery process. The *Rivera* Court found that the chilling effect such discovery could have on the bringing of civil

rights actions unacceptably burdens the public interest. *Rivera*, 364 F.3d at 1065. The *Rivera* Court balanced the interest of the defendant in discovering immigration status information during the discovery process against the chilling effect on the plaintiffs and found that such discovery, though relevant, would be an undue burden justifying the protective order. *Rivera*, 364 F.3d at 1066-1075.

The *Rivera* case dealt with the issue now before this Court except in a Title VII action. As noted in *Rivera*, contrary to Plaintiffs' argument (Ct. Rec. 370, p. 11), the immigration status of the class members is relevant to a determination of damages. The fact that a defendant's violation might be "inconsequential" because a plaintiff may not be eligible for certain forms of relief "goes to the issue of damages, not liability." *Rivera*, 364 F.3d at 1070 (citations omitted). Nevertheless, the *Rivera* Court held that the need for discovery of various plaintiffs' eligibility for particular remedies is outweighed by the harm the discovery could cause the plaintiffs. *Rivera*, 364 F.3d at 1070. The *Rivera* Court took notice of a proposed method to handle the immigration status issue during a damages phase of trial should plaintiffs prevail during a liability phase of trial.[2] *Rivera*, 364 F.3d at 1062, 1073. The holding and analysis of *Rivera* is controlling on the issue now before the Court.

---

[2] As proposed by Plaintiffs in *Rivera*, if plaintiffs were able to prove liability, the Court could then hold an *in camera* hearing designed to preserve the plaintiffs' anonymity, protect plaintiffs' statutory rights, and avoid prejudicing the defense. The proceeding would allow each plaintiff to testify regarding her immigration status, provide documents supporting her entitlement to backpay, and provide a formal certification from the Social Security Administration attesting that she was authorized to work throughout the backpay period. The judge would make deductions from the aggregate award backpay for any plaintiff who failed to prove eligibility. *Rivera*, 364 F.3d at 1062.

Consistent with *Rivera*, Defendants are prohibited from questioning Plaintiffs regarding their immigration status.[3] *Rivera*, 364 F.3d at 1070. However, as in *Rivera*, Defendants are not precluded from conducting their own independent investigation. *Rivera*, 364 F.3d at 1062. Consistent with this Court's December 18, 2006 order, Defendants are permitted to utilize evidence in their possession regarding the immigration status of class member Plaintiffs. (Ct. Rec. 200). Defendants may not, however, conduct inquiry during the discovery process into the immigration status of Plaintiffs.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion for a protective order prohibiting Defendants from inquiring into their immigration status (**Ct. Rec. 369**) is **GRANTED**. Defendants are prohibited from questioning Plaintiff class members regarding their immigration status.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this  10th  day of May, 2007.

                                          s/Michael W. Leavitt
                                            MICHAEL W. LEAVITT
                                    UNITED STATES MAGISTRATE JUDGE

---

[3]If not already accomplished in the liability phase of depositions, Defendants may, however, conduct discovery concerning "the plaintiffs' places of marriage, educational background, current and past employment, damages, date of birth, and criminal convictions. . . ." *Rivera*, 364 F.3d at 1062.