1
2
3
4
5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6
7
8

JOSE GUADALUPE PEREZ-
FARIAS, JOSE F. SANCHEZ,
RICARDO BETANCOURT, and all
other similarly situated persons,

NO.  CV-05-3061-RHW

9
10
11
12

        Plaintiffs,

        v.

GLOBAL HORIZONS, INC., *et al.*,

        Defendants.

**PRETRIAL ORDER**

13
14
15
16
17

    A pretrial hearing was held on August 28, 2007.  Plaintiffs were represented
by Lori Isley and Joachim Morrison.  Defendants Valley Fruit Orchards and Green
Acre Farms ("Grower Defendants") were represented by Ryan Edgley and the
Global Defendants[1] were represented by Chrystal Bobbitt and Gregg Smith.  This
order memorializes and supplements the Court's oral ruling.

18
19
20

    1.  Plaintiffs and the Grower Defendants stipulate to a non-jury trial.  Thus,
Plaintiffs' claims asserted against the Grower Defendants will be heard by the
Court following the conclusion of the jury trial.

21
22
23
24
25
26
27

    2.  The Court reconsidered its decision to grant case dispositive sanctions
against the Global Defendants.  The Court concedes that there is no dispute that the
Global Defendants have repeatedly failed to timely produce discovery as ordered
by the Court.  (Ct. Rec. 274; Ct. Rec. 298; Ct. Rec. 329; Ct. Rec. 351; Ct. Rec. 363;
Ct. Rec. 404; Ct. Rec. 458).  What is not clear is the exact nature of the prejudice
that has been suffered by Plaintiffs as a result of the discovery violations.  By prior

28

_____

    [1]The Global Defendants are Global Horizons, Inc., Mordechai Orian, Jane
Doe Orian, and Platte River Insurance Company.

**PRETRIAL ORDER ~ 1**

order, Plaintiffs were granted summary judgement with respect to some of the claims and it was not clear that the discovery failures of the Global Defendants impacted the remaining claims subject to the dispositive sanctions order. Moreover, upon further reflection, the Court is not convinced that it adequately considered the availability of lesser sanctions. Prior to the hearing, the Court reviewed the docket and identified six categories of alleged discovery abuses on the part of the Global Defendants: (1) supplementation related to violations of AWPA and H-2A regulations, (2) documents pertaining to Bruce Schwartz and the Taft Farm's case, (3) all email relevant to the litigation, (4) communications with James Holt, Bruce Schwartz, Aomnon Gonnene and recruitment agencies, (5) contracts for services with James Holt, and (6) contracts for services with Aomnon Gonnene in 2003 and 2004.

At the hearing, the Court directed Plaintiffs to address each category and specifically identify how Plaintiffs have been prejudiced by the alleged discovery abuses.

## (1)  AWPA and H-2A regulations

The Court found that this category of discovery is not sufficiently relevant to Plaintiffs' remaining claims for liability against the Global Defendants to require sanctions.

## (2)  Documents Pertaining to Bruce Schwartz and the Taft Farm's case

Plaintiffs were unable to establish prejudice resulting from any discovery abuses related to this category sufficient to require sanctions.

## (3)  Relevant Emails

The Court accepts the Global Defendants' representations that they have provided everything in their possession in response to Plaintiffs' discovery requests. Plaintiffs were not able to establish prejudice stemming from the untimely production of the relevant emails sufficient to require sanctions.

**PRETRIAL ORDER ~ 2**

**(4)  Communications with James Holt, Bruce Schwartz, Aomnon Gonnene and Recruitment Agencies**

Plaintiffs were unable to establish prejudice resulting from any discovery abuses related to this category sufficient to require sanctions.

**(5)  Contracts for Services with James Holt**

Plaintiffs were unable to establish prejudice resulting from any discovery abuses related to this category sufficient to require sanctions.

**(6)  Contracts for Services with Aomnon Gonnene in 2003 and 2004**

Plaintiffs were unable to establish prejudice resulting from any discovery abuses related to this category sufficient to require sanctions.

As a result of the hearing, the Court determined that the discovery abuses related, for the most part, to the claims for which summary judgement has been granted and that there was not sufficient prejudice to warrant case dispositive sanctions.  No other appropriate evidentiary sanction was requested.  Accordingly, the case dispositive sanctions imposed by the Court on August 10, 2007, are vacated.  A jury trial on the remaining liability issues against the Global Defendants shall commence on September 11, 2007.

3.  The Court found that use of the Settlement Agreement is not admissible under the Federal Rules of Evidence.  However, the Court indicated it would not disturb the summary judgement order entered by Judge McDonald on July 11, 2007, based on the reference of the Settlement Agreement therein.

4.  The Court did not find credible Mr. Shiner's explanation for not attending the deposition of Ebony Williams, and denied the Global Defendants' Motion to Strike Deposition of Ebony Williams.

5.  The Court permitted the Grower Defendants to call the following witnesses: John Verbregge, Stan Bechler, Angel Farias, Dirk Dunn, Juan Cervantes, Jim Morford and the Orchard Supervisor.

6.  The Court permitted the Global Defendants to call the following

**PRETRIAL ORDER ~ 3**

witnesses: Mordechai Orian, James Holt, Jennifer Adle, Leopold Benidicto, Maria Rameriz, Bruce Schwartz, Bruce Steen, Connie Tubchumpol, and Ebony Williams.

7.  James Holt is not permitted to testify as an expert witness but will be permitted to testify as a percipient witness.

8.  The testimony of all witnesses called by Defendants shall be limited to the subject matter of their depositions.

9.  The Court reserves ruling on whether the ACT Database shall be admitted at trial, based on relevancy.

10.  The Court reviewed the previous Court Orders assessing sanctions against Defendant Global Horizons, Inc. and Mordechai Orian, and noted that the compelled discovery was directed solely at Global Horizons, Inc.  The Court finds that there is no basis for holding Mordechai Orian personally responsible for the monetary sanctions resulting from the failure to produce the requested discovery. Therefore, Mordechai Orian will be released form his obligation to pay all previously imposed monetary sanctions.  Defendant Global Horizons, Inc. remains responsible for the sanctions previously imposed by the Court.

11.  The Global Defendants request relief from the orders entered on July 11, 2007 (Ct. Rec. 507) and on August 10, 2007 (Ct. Rec. 597).  (Ct. Rec. 671). Consequently, the Global Defendants ask the Court to reconsider again the summary judgement order entered by Judge McDonald on July 11, 2007.  In support of that motion, the Global Defendants' new counsel raised a number of issues that were not raised in the prior motion for reconsideration.  The Court finds that new counsel and the Global Defendants had an opportunity to raise these issues at an earlier time.  Local counsel represented these Defendants and the file reflects that corporate counsel was available throughout the period that discovery abuses blamed on former counsel occurred.  New counsel appeared well before the current motions for reconsideration were filed and could have raised these issues earlier.  Thus, the motion is untimely.

**PRETRIAL ORDER ~ 4**

Moreover, on questioning by the Court at the pretrial conference, new counsel conceded it claimed a meritorious defense to only two of the items for which Judge McDonald granted summary judgement, leaving the bulk of his order uncontested. The two claims related to the failure to provide travel arrangements as required by law and the providing of required information orally rather than in writing. Neither of the proffered factual or legal bases of the defenses have such merit that reconsideration is required. To the extent the proffered defenses are relevant, they would more appropriately apply to the damage phase of the trial following the jury trial on other issues.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Global Defendants' Motion to Strike Use of Settlement Agreement (Ct. Rec. 540) is **GRANTED**.

2. The Global Defendants' Motion to Strike Deposition of Ebony Williams (Ct. Rec. 543) is **DENIED**.

3. The Global Defendants' Motion *in Limine* to Exclude the Deposition of Ebony Williams (Ct. Rec. 648) is **DENIED**.

4. Plaintiffs' Motion *in Limine* to Bar Defendant Global's ACT Database (Ct. Rec. 572) is **DENIED,** with leave to renew. Denial of a motion *in limine* does not indicate that the challenged evidence will be admitted at trial. Instead, the denial of the motion means the Court cannot or should not determine whether the evidence in question should be excluded before trial.

5. Plaintiffs' Motion *in Limine* to Bar Evidence of Immigration Status (Ct. Rec. 614) is **DENIED**, with leave to renew. Denial of a motion *in limine* does not indicate that the challenged evidence will be admitted at trial. Instead, the denial of the motion means the Court cannot or should not determine whether the evidence in question should be excluded before trial.

6. Plaintiffs' Motion for Jury Instruction as Sanction for Global Defendants' Discovery Failures (Ct. Rec. 631) is **DENIED**.

**PRETRIAL ORDER ~ 5**

7.  The Global Defendants' Motion for Relief from Orders Entered on July 11, 2007 and August 10, 2007 (Ct. Rec. 671) is **DENIED**.

8.  The Global Defendants' Motion for Reconsideration of the Dispositive Sanctions, Request for Assessment of the Amount of Sanctions Attributable to Global, and Request to Strike Plaintiffs' Exhibits for Failure to Serve (Ct. Rec. 674) is **GRANTED**, in part.

9.  Defendant Mordechai Orian is released from his personal obligation to pay all monetary sanctions previously imposed by the Court.

10.  The Global Defendants' Motion to Expedite (Ct. Rec. 601) is **DENIED**, as moot.

11.  Plaintiffs' Motion to Expedite (Ct. Rec. 650) is **DENIED**, as moot.

12.  Plaintiffs' Motion for Judgment as a Matter of Law Re: Joint Employment and Agency (Ct. Rec. 653) is **DENIED**.

13.  Plaintiffs' Motion for Temporary Restraining Order (Ct. Rec. 661) is **DENIED**.

14.  The Global Defendants' Motion to Expedite (Ct. Rec. 673) is **GRANTED**.

15.  The Global Defendants' Motion to Expedite (Ct. Rec. 676) is **GRANTED**.

16.  Plaintiffs' Motion to Expedite (Ct. Rec. 692) is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 7th day of September, 2007.


_s/Robert H. Whaley_

ROBERT H. WHALEY
Chief United States District Court

**PRETRIAL ORDER** ~ 6