1
2
3
4
5
6                     UNITED STATES DISTRICT COURT
7                     EASTERN DISTRICT OF WASHINGTON
8    JOSE GUADALUPE PEREZ-
     FARIAS, JOSE F. SANCHEZ,
9    RICARDO BETANCOURT, and all          NO.  CV-05-3061-RHW
     other similarly situated persons,
10                                         **ORDER ADDRESSING
         Plaintiffs,                       PENDING MOTIONS**
11
         v.
12
     GLOBAL HORIZONS, INC., *et al.*,
13
         Defendants.
14

15        Before the Court is Plaintiffs' Request for Clarification of Denied Work

16   Subclass Definition for Amended Judgment (Ct. Rec. 867) and Plaintiffs' Motion

17   for Relief Under Rule 59(e).  The motions were heard without oral argument.

18        Before addressing the pending motions, it is necessary to review the posture

19   of this case.  On July 28, 2006, Judge Leavitt certified the class and also bifurcated

20   the trial and separated the liability and damages issues.  On July 11, 2007, Judge

21   McDonald granted partial summary judgment, found that Defendants violated the

22   Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") and the

23   Washington Farm Labor Contractor Act ("FLCA"), and awarded statutory

24   damages under FLCA.  On August 10, 2007, this Court vacated the judgment with

25   respect to damages.

26        In ruling on his order on bifurcation, Judge Leavitt envisioned that Plaintiffs

27   would present evidence pertaining to the absent class members' damages if

28   Plaintiffs prove class-wide liability (Ct. Rec. 137, p.7) and also relied on the

**ORDER ADDRESSING PENDING MOTIONS ~ 1**

bifurcation of issues in certifying the class (Ct. Rec. 136). In reading Plaintiffs' briefing, however, it appears that Plaintiffs contend that individual determinations with respect to damages other than discrimination damages may not be necessary. Rather, class members are automatically entitled to damages because liability has been established.

Plaintiffs will have to decide how they wish to seek damages. While the underlying liability issues were found to be sufficiently common to require class treatment, the damages suffered by the members of the class may differ as to some claims and be common as to others. For instance, Judge McDonald found that Defendants violated FLCA by failing to provide the required written disclosures in Spanish. If a class member was fluent in English, that person would not necessarily be entitled to damages for the failure to provide the written disclosures in Spanish. In addition, the amount of damage awarded for a class member, either liquidated or actual, may depend on the individual circumstances of the class member.

Against this backdrop, the Court reviews Plaintiffs' motions. Plaintiffs first request that the Court amend the October 27, 2007 order with an amended definition set forth in their briefing. The Grower Defendants did not oppose the amended definition and the Court will grant Plaintiffs' request and amend the October 27, 2007 judgment using Plaintiffs' amended definition of the Denied Work Subclass.

Plaintiffs also ask the Court to rule that the class definition for the Denied Work Subclass that will be included in the Amended Judgment be limited to the claims decided by the jury. The result being is that the class definitions set forth in Judge Leavitt's order would be read to include all farm workers who "applied at" Global Horizons for agricultural employment in Washington State at Green Acres or Valley Farm, regardless of whether they were offered employment. Additionally, Plaintiffs ask the Court to amend the Findings of Fact and

**ORDER ADDRESSING PENDING MOTIONS ~ 2**

1  Conclusions of Law to explicitly limit the scope of the Court's ruling regarding

2  proof of damages to the FLCA claims litigated at trial and to limit the scope of the

3  Court's rulings to class members seeking actual damages.

4      The Court denies the Plaintiffs' motions on these issues.  The Court finds

5  that the relationship between the claims decided on summary judgment and the

6  claims decided by the jury should be analyzed in the context of the Plaintiffs'

7  anticipated damage presentation for each claim for which liability has been

8  established.  When the Plaintiffs decide what damages for what class members

9  require proof and which require no proof, the Court can then decide the issues

10  raised by these motions.  It is clear to the Court that the vacation of the damage

11  award of Judge McDonald left the amount of recovery and the parties to recover

12  open to a trial.  At this point, no member of the class is entitled to damages other

13  than those awarded by the jury.  For instance, whether and how much an illegal

14  alien can recover for violations of FLCA will depend on the circumstances of the

15  alien and the nature and scope of the violation.

16      Thus, it is important for the parties and the Court to have a complete and

17  thorough understanding of the individual and class damages claims that remain to

18  be tried.  The Court finds it is necessary for the Plaintiffs to advise the Defendants

19  of their position as to the damages it seeks on a class basis without individual proof

20  and those that it seeks to prove individually.  The Defendants should respond.  The

21  parties should then confer and present to the Court a proposed course of action

22  outlining the areas of agreement and disagreement.  The Court will then have a

23  hearing to resolve the disputes, if any, and schedule the trial on the remaining

24  damage claims.  The parties should also address: 1) the amount of time necessary

25  to complete discovery; 2) amount of time needed to prepare for trial; 3) what type

26  of notice will go out to the classes; 4) whether there will be a claim administration

27  process in advance of any second trial; 5) what type of evidence or testimony will

28  be allowed ( or required) of any class members; and 6) such other procedural or

**ORDER ADDRESSING PENDING MOTIONS ~ 3**

substantive measures as may be necessary.

Accordingly, **IT IS HEREBY ORDERED**:

1.   A telephonic status conference is set for **July 23, 2008, at 9:30 a.m.**, in Spokane, Washington.  The parties are directed to call the Court's conference line at (509) 458-6380 at the designated time.

2.   On or before June 6, 2008, Plaintiffs shall submit briefing regarding their position as to the damages it seeks on a class basis without individual proof and those that it seeks to prove individually.

3.   On or before June 20, 2008, Defendants shall submit its responsive briefing.

4.   On or before July 7, 2008, the parties shall confer and present to the Court a proposed course of action outlining the areas of agreement and disagreement and addressing the issues as set forth above.

5.   Plaintiffs' Request for Clarification of Denied Work Subclass Definition for Amended Judgment (Ct. Rec. 867) is **GRANTED**, in part.  The Court amends the Judgment entered on October 23, 2007 as follows:

> Denied Work Subclass: U.S. Resident farm workers who claim they were offered employment by Global Horizons to work at Green Acre Farms, Inc. or Valley Fruit Orchards, LLC in 2004, but were not employed by Global Horizons in 2004.

6.   Plaintiffs' Motion of Relief Under Rule 59(e) (Ct. Rec. 868) is **DENIED**.

7.   Plaintiffs' Motion for Reconsideration (Ct. Rec. 713) is **DENIED**, as moot.

8.   Ex Parte Motion (Ct. Rec. 759) is **DENIED**.  (For docket management purposes only).

9.   Defendant's Motion for Leave to File Excess Pages (Ct. Rec. 786) is **GRANTED**.

**ORDER ADDRESSING PENDING MOTIONS ~ 4**

10.    Defendant's Motion to Expedite (Ct. Rec. 788) is **GRANTED**.

11.    Defendant's Motion for Judgment as a Matter of Law (Ct. Rec. 791) is **DENIED**.  (For docket management purposes only).

12.    Defendant's Motion to Expedite (Ct. Rec. 810) is **GRANTED**.

13.    Plaintiffs' Motion to File an Overlength Brief (Ct. Rec. 812) is **GRANTED**.

14.    Plaintiffs' Motion to Expedite (Ct. Rec. 834) is **GRANTED**.

15.    Defendant's Motion for Leave to File Findings of Fact, Conclusions of Law and Post-Trial Brief (Ct. Rec. 837, 841) is **GRANTED**.

16.    Plaintiffs' Motion to Expedite (Ct. Rec. 877) is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 23rd   day of May, 2008.


*s/Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Court


Q:\CIVIL\2005\Perez-Farias, et al\post-trial motions.wpd

**ORDER ADDRESSING PENDING MOTIONS ~ 5**