UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE GUADALUPE PEREZ-FARIAS, JOSE F. SANCHEZ, RICARDO BETANCOURT, and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL HORIZONS, INC., *et al.*,<br><br>Defendants. | NO. CV-05-3061-RHW<br><br>**ORDER DENYING GROWER DEFENDANTS' POST JUDGMENT MOTION FOR RECONSIDERATION** |

Before the Court is the Grower Defendants' Post Judgment Motion for Reconsideration, ECF No. 1331. The motion was noted for hearing; however, the Court has reviewed the briefing and has concluded that oral argument is not necessary. *See* L.R. 7(h)(3)(B)(iii).

The Grower Defendants ask the Court to reconsider the summary finding of liability that resulted in an automatic and mandatory judgment of approximately two million dollars against the Grower Defendants. The Grower Defendants argued that they should be allowed to present evidence that they are not liable under Wash. Rev. Code § 19.30.200 for all of the acts and omissions of Defendant Global Horizons. The Grower Defendants assert that the Court should reconsider whether equitable relief should have been imposed in lieu of punitive damages for wholly unaffected class members. Specifically, the Grower Defendants argue that not all class members were entitled to receive statutory damages because not all class members were "aggrieved."

**ORDER DENYING GROWER DEFENDANTS' POST JUDGMENT MOTION FOR RECONSIDERATION ~ 1**

"Although Rule 59(d) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. V. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has instructed that a Rule 59(e) motion should not be granted, except in three situations: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law. *Id.* (citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(d) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Notwithstanding the complicated procedural history of this case, the analysis of Defendants' arguments begins with the Grower Defendants' first Motion for Reconsideration. That motion was filed on July 20, 2007, shortly after the judgment on the unopposed Motion for Partial Summary Judgment was entered. In that motion, the Grower Defendants argued that Wash. Rev. Code § 19.30.170(2) provided for discretionary statutory damages, rather than mandatory damages. The Grower Defendants never asked the Court to reconsider the finding that Global Horizons violated the Washington Farm Labor Contractors Act, and the Court relied on this when it granted the motion for reconsideration and concluded that the amount of statutory damages was discretionary. Even though this conclusion was in error, the Ninth Circuit's ruling does not open the door for the Grower Defendants to relitigate the issue of liability. The Grower Defendants had the opportunity to raise these arguments earlier in the litigation and did not. At this stage in the litigation, it would be a miscarriage of justice to relitigate the issue of the Grower Defendants' liability and whether statutory damages should be awarded.

The Grower Defendants have not presented the Court with newly

**ORDER DENYING GROWER DEFENDANTS' POST JUDGMENT MOTION FOR RECONSIDERATION ~ 2**

discovered evidence and have not shown that the Court committed clear error or the judgment in this case is manifestly unjust. The Grower Defendants had ample opportunity to defend against this action. Moreover, the Washington Supreme Court decision is not an intervening change in controlling law that requires the Court to reconsider its decision regarding the Grower Defendants' liability.

     Accordingly, **IT IS HEREBY ORDERED**:

     1. The Grower Defendants' Post Judgment Motion for Reconsideration, ECF No. 1331, is **DENIED**.

     2. The Amended Judgment entered on March 27, 2013, ECF No. 1326, is the final judgment.

     **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

     **DATED** this 22nd day of May, 2013.

                      *s/Robert H. Whaley*
                      ROBERT H. WHALEY
                     United States District Court

Q:\RHW\aCIVIL\2005\Perez-Farias, et al\reconsider2.wpd